## BIRD v. STATE*
### (No. 1313; June 21, 1927; 257 Pac. 2.)

CRIMINAL LAW—INSTRUCTIONS—INTOXICATING LIQUORS — SENTENCE —COMPLAINT—PERMIT—BURDEN OF PROOF.

1. Instruction that jurors might convict or acquit as to any one or more of eight separate offenses, ''as you may believe yourselves justified under the evidence   *   *   * and the law as explained in these instructions,'' *held* not erroneous as authorizing conviction, though not convinced of guilt beyond reasonable doubt, in view of previous portion of instruction as to necessity of proving, and further instruction on presumption of innocence until proved, guilty beyond such doubt.

2. Where defendant was convicted of eight different offenses of possessing and selling intoxicating liquor, Supreme Court cannot say that trial court abused its discretion in imposing only maximum sentence for any one of such offenses under Laws 1921, c. 117, § 27.

3. That defendant, in trial for possessing and selling intoxicating liquor in violation of Laws 1921, c. 117, § 3, had no permit under sections 5, 6, was ''defensive negative averment,'' which it was unnecessary for state to plead, under section 30, or prove.

4. Defendant, desiring to rely on possession of permit under Laws 1921, c. 117, §§ 5, 6, as defense to prosecution for possessing and selling intoxicating liquor, in violation of section 3, must introduce some evidence thereof.

5. Where neither state nor defendant introduced any evidence as to whether or not defendant, in trial for possessing and selling intoxicating liquor, had permit under Laws 1921, c. 117, §§ 5, 6, and defense was absolute denial of such possession or sale, court erred in giving instruction that burden was on defendant to prove that he obtained such permit.

6. In trial for possessing and selling intoxicating liquor, wherein there was no evidence as to whether or not defendant obtained permit under Laws 1921, c. 117, §§ 5, 6, instruction that burden was on defendant to prove that he obtained permit *held* prejudicial error, as possibly

leading jury to believe that they must convict because of defendant's noncompliance with such burden or that court assumed that defendant actually possessed or sold intoxicating liquor.

*See Headnotes: (1) 16 CJ p. 1049 n. 82; p. 1050 n. 84; p. 1053 n. 93. (2) 17 CJ p. 254 n. 35, 36; 33 CJ p. 798 n. 49. (3) 31 CJ p. 720 n. 58; 33 CJ p. 727 n. 24; p. 748 n. 65. (4) 33 CJ p. 746 n. 53. (5) 33 CJ p. 791 n. 46. (6) 17 CJ p. 342 n. 97; 33 CJ p. 791 n. 52.

ERROR to District Court, Albany County; VOLNEY J. TIDBALL, Judge.

John Bird was convicted of possessing and selling intoxicating liquor, and he brings error. See also 241 Pac. 701.

*H. S. Ridgely,* and *Sullivan* and *Garnett,* for plaintiff in error.

The court erred in instructing the jury that they might find defendant guilty or not guilty as they might believe themselves justified under the evidence; Robinson v. State, 18 Wyo. 216. Intruction Number Two did not relate to an issue in the case, as defendant did not rely upon a license; United States v. Ry. Co., 191 U. S. 84; Faraone v. U. S., 259 Fed. 509; Kiersky v. U. S. 263 Fed. 685; Deshazo v. State, 262 S. W. 764. The instruction is also erroneous in assuming that possession and sale had been proven in the case; People v. Tapia, 63 Pac. 1001. The court erred in imposing the maximum sentence permitted by the statute, no prior offense having been proven; the court erred in denying a new trial on ground of newly discovered evidence; Ry. Co. v. Hulette, 188 S. W. 654; Todd v. Jackson, 101 S. E. 192; Beales v. Cone, (Colo.) 62 Pac. 948; 5870 C. S.; Zarneke v. Kitzman, 183 N. W. 867; King v. Beaumier, 26 Wyo. 1; State v. Mahood, 177 S. W. 371; Bailey v. State, 55 N. E. 241; Murray v. Weber, (Ia.) 60 N. W. 492; Stackpole v. Perkins, (Me.) 27 A. 160; Gregory v. Farmers' Exchange, 224 Pac. 291.

*W. O. Wilson,* Attorney General, *James A. Greenwood,* deputy Attorney General, for defendant in error. *(D. J. Howell, former* Attorney General, and *J. C. Pickett,* former Assistant Attorney General, on the briefs.)

Instruction Number One, complained of, was given for the purpose of defining reasonable doubt and of advising the jury that defendant was charged with eight separate offenses, and that they might, if the evidence warranted, find defendant guilty or not guilty on any one of them; the instruction in State v. Robinson, 18 Wyo. 216, was condemned for omitting the words "from the evidence"; the point was also discussed in Richey v. State, 28 Wyo. 117; the instruction was not properly excepted to; McFetridge v. State, (Wyo.) 234 Pac. 505; 16 C. J. 1071. It is possible that instruction Number Two might have been omitted, but it was not prejudicial error; 16 C. J. 1049; State v. Walters, (Ore.) 209 Pac. 349; People v. Mit Singh, (Cal.) 209 Pac. 1013. A general exception to an instruction will be disregarded; Dickerson v. State, 18 Wyo. 440; 14 R. C. L. 809; 17 C. J. 86; McFetridge v. State, supra. The sentence was within statutory limits; Jenkins v. State, (Wyo.) 135 Pac. 749; Russell v. State, 19 Wyo. 272; Bishop on Criminal Law, 9th Ed., Page 697. Motion for new trial, on ground of newly discovered evidence, was not filed within the time required by Section 7583 C. S.; occurences transpiring after trial cannot be considered newly discovered evidence; 16 C. J. 1183. Impeaching evidence is not newly discovered evidence; Pasco v. State, (Wyo.) 117 Pac. 862; 16 C. J. 1202. The evidence would have been sufficient to convict, even though Sisto had been impeached.

Blume, Chief Justice.

The defendant was charged with the possession and sale at eight different times of intoxicating liquor, contrary to law. He was convicted of each of the charges, and sentenced to a fine of one thousand dollars and to confinement in jail for the period of three months. From the sentence so imposed, the defendant prosecutes error.

1. The court gave the following instruction, numbered one:

"You are instructed that the information filed in this case charges the defendant with eight separate offenses in the unlawful sale of intoxicating liquor, and the burden is upon the State of Wyoming, the plaintiff in this case, to prove beyond all reasonable doubt the truth of the material allegations contained in the information before you are entitled to return a verdict of guilty. It is within your province as jurors to find the defendant guilty as to any one or more of said eight separate offenses and not guilty as to one or more of them, as you may believe yourselves justified under the evidence in this case, and the law as explained in these instructions."

That portion of the instruction is complained of which commences with the words: 'It is within your province as jurors' etc. and it is claimed that when the court told the jury that they might find the defendant guilty of one or more of the offenses charged "as you may believe yourselves justified," the court virtually told the jury that they might find the defendant guilty though not convinced of his guilt beyond a reasonable doubt. We do not think that the instruction bears this interpretation. The statement "as you may believe yourselves justified" was qualified by "under the evidence in this case," and further by "and the law as explained in these instructions." Now the court had in the previous portion of the instruction told the jury that the state must prove the defendant guilty beyond a reasonable doubt. That was portion of "the law explained in the instruction," and hence the jury must have understood that they could not "believe themselves justified" to convict, unless they found that the defendant was guilty beyond all reasonable doubt. This fact is emphasized by a further instruction, numbered four, given by the court and reading as follows:

"The court instructs the jury that the defendant is presumed to be innocent of the crimes charged in the information until he is proven guilty beyond a reasonable doubt. This presumption of the defendant's innocence accompanies him throughout the trial and goes with the jury in their retirement and deliberation in the jury room; and all of the evidence must be examined by the light of such presumption; and that it entitles the defendant to an acquital unless it is overcome by such evidence as to satisfy the jury of the defendant's guilt, beyond all reasonable doubt."

We think it clear, accordingly, that the assignment of error based upon instruction number one, given by the court, cannot be sustained.

2. The defendant complains of the sentence imposed upon him, which was the maximum sentence under the law for any one offense of possession and sale of intoxicating liquor. Sec. 27, c. 117, S. L. 1921. We said in State v. Sorrentino (Wyo.) 253 Pac. 14, that we ought not, except in a clear case, to interfere with the discretion of the trial court in imposing a sentence which is within the limits fixed by law. In the case at bar the defendant was convicted by the jury of eight different offenses, while the court imposed only the maximum sentence for one offense. We cannot, under the circumstances, say that the court abused its discretion.

3. The information in this case in charging the defendant with the possession and sale of intoxicating liquor charged that in each case he did so "without a permit." This was done, doubtless, in view of the provisions of section 5 and 6 of c. 117, Sess. Laws of 1921, which permit the manufacture, sale, purchase, transportation and prescription of intoxicating liquors under certain conditions by certain persons pursuant to a permit issued by the commissioner of the law enforcement department. Section 3 of the same act provides that "no person shall on or after the date that this act goes into effect, manufacture, sell, barter, transport, import, export, deliver, furnish or possess any intoxicating

liquors except as authorized in this act." Sec. 30 of the same act provides that it shall not be necessary in any complaint, information or indictment to include any defensive negative averments. The fact of the possession of a permit to sell or possess intoxicating liquors was a "defensive negative" averment, and it was unnecessary for the state to either plead or prove that the defendant had no such permit. Altschuler v. United States, (C. C. A.) 3 Fed. (2d) 791; Rulovitch v. United States, (C. C. A.) 286 Fed. 315; Goldberg v. United States, (C. C. A.) 297 Fed. 98; Sharp v. United States, (C. C. A.) 280 Fed. 86. If the defendant wanted to rely upon the possession of a permit it was necessary for him under these authorities to introduce some evidence to that effect. The state did not, in the case at bar, introduce any evidence to negative the fact of the existence of a permit; nor did the defendant attempt to show that he had one. In fact the defendant absolutely denied the possession or sale of intoxicating liquor charged in the information, and that was his sole defense. Notwithstanding that, the court gave the following instruction, over objection:

"You are instructed that under the laws of the State of Wyoming, it is provided that no one shall manufacture, sell, purchase, transport, deliver, furnish or possess any intoxicating liquors, without first obtaining a permit therefor from the Commissioner of Law Enforcement of the State of Wyoming. The burden is on the defendant to prove that he has obtained such permit to deal in or to possess intoxicating liquors."

In as much as the defensive matter of the possession of a permit was not in issue and no evidence in connection therewith was introduced, the giving of this instruction was clearly error. Deshazo v. State, 97 Tex. Cr. R. 490; 262 S. W. 764; Joynson v. State, 98 Tex. Cr. R. 417, 266 S. W. 155; Scogin v. State, 100 Tex. Cr. R. 389, 273 S. W. 575; Tro v. State, 101 Tex. Cr. R. 185, 274 S. W. 634. The ruling in the cited cases is in accordance with the principle

announced by this court in James v. State, 27 Wyo. 378, 196
Pac. 1045, that "it is error to give an instruction which,
though abstractly correct, is not based on evidence." Coun-
sel for the State in the case at bar practically admit the
error herein, but contend that it was not prejudicial. It is
doubtless true that if we consider the giving of the in-
struction from a purely logical standpoint, we can readily
come to the conclusion that it could not have been prejudi-
cial, in view of the fact that the jury had to find in any
event, in order to convict, that the defendant possessed or
sold the liquor in question. But if we assume that the jury
reasoned or attempted to reason along purely logical lines,
they cannot have but wondered why the instruction was
given, and why the court should tell them that the de-
fendant was required to prove that he had a permit. He
proved no such fact, and if it was true, as they were told,
that the defendant was required to do so, they may well
have reasoned that, in view of the fact, that he had not
complied with that burden, they were bound to convict.
And it is not at all clear that, as in the case of People v.
Tapia, 131 Cal. 647, 63 Pac. 1001, the jury may not have
understood that the court by giving the instruction as-
sumed the fact that the defendant actually possessed or
sold the intoxicating liquor. In the case just mentioned
the court held it to be prejudicial error to give an instruc-
tion on a defensive matter of which there was no evidence
and upon which the defendant did not rely. In Scogin
v. State, supra, the court gave the following instruction:

"You are further instructed that if the state shows that
a party sold intoxicating liquor, it rests upon the party
selling to show that he sold such intoxicating liquor for
either medicinal, mechanical, scientific, or sacramental pur-
poses."

In that case, as in the case at bar, the defendant simply
claimed that he made no sale whatever, and did not rely
upon the defensive matter stated in the instruction, and

the court, upon rehearing, held that the giving of the instruction was prejudicial error. The court said in part:

"The principle that the charge of the court must conform to the allegations of the indictment, be applicable to and limited by the evidence, is asserted and emphasized by many authorities and denied, so far as the writer is informed, by none. In a case where there is evidence suggesting that a sale of intoxicating liquor was made by the accused was for one of the purposes permitted under the constitution and statute, it is proper to give an instruction informing the jury that, if they believe from the evidence, beyond a reasonable doubt, that a sale of intoxicating liquor was made by the accused, a conviction would be authorized unless the evidence raises in their minds a reasonable doubt as to whether the sale was for the permitted purposes to which the evidence is addressed. But where there is no evidence that the sale was made for one of the permitted purposes, no instruction should be given upon that subject, for the reason that it submits to the jury an issue which the evidence does not raise."

In the case of Tro v. State, 101 Cr. Rep. 185, 274 S. W. 634, the trial court gave an instruction similar to that given in Scogin v. State, supra, though the only defense, as in the case at bar, was a denial of the sale or possession of any intoxicating liquor. The court held the giving of the instruction error, and addressing itself to the question whether the error was prejudicial, the court said:

"We are unable to bring ourselves in accord with the contention of the State that in considering the charge as a whole in connection with the charge excepted to that no injury could have resulted to appellant and that therefore the case should be affirmed. This, we think, involves too much speculation upon the part of this court to authorize the conviction to stand in the face of a charge not called for by the evidence, and which was unquestionably confusing in its character; that it was contradictory of other portions of the charge there can be no question; that it placed a burden upon appellant not sanctioned by law is equally apparent; that the jury were left to grope in the dark in an effort to apply a charge having no basis under the evi-

dence is unquestioned. Just what impression was made upon the jury's mind under the conflicting charges given is uncertain. They could and may have appropriated the erroneous charge in a manner hurtful to appellant.''

We think likewise in the case at bar. The judgment herein must accordingly be reversed, and the cause remanded for a new trial. It is so ordered.

*Reversed and Remanded.*

POTTER and KIMBALL, JJ., concur.