**William Alfred CAVANAGH, Appellant
(Defendant below),**

v.

**The STATE of Wyoming, Appellee
(Plaintiff below).**

No. 4143.

Supreme Court of Wyoming.

Jan. 24, 1973.

Franklin J. Smith, of Pattno & Smith, Cheyenne, for appellant.

Clarence A. Brimmer, Atty. Gen., Bert T. Ahlstrom, Jr., Asst. Atty. Gen., Cheyenne, for appellee.

Before PARKER, C. J., and McEWAN, GUTHRIE, and McINTYRE, JJ.

PER CURIAM.

William A. Cavanagh, Safety Engineer for the Wyoming Occupational Health and Safety Commission, charged with the crime of obtaining $127.94 from the State of Wyoming by false pretenses with intent

to cheat and defraud,[1] on arraignment, March 31, 1972, where he was accompanied by his counsel and advised by the court of his rights, pleaded guilty to the charge. The court after some questioning of defendant advised him that the plea was received and the matter would be referred to the probation department for presentence investigation and report. Defendant was released on bond to be returned later for the pronouncement of sentence. On June 12, 1972, he was brought before the court for sentence, fined in the sum of $500, ordered to restore the $127.94 to the State, and sentenced to the penitentiary for twenty-one to twenty-four months.

Defendant's appeal, requesting that this court modify his sentence and order that he be placed on probation, recites that he was denied equal protection of the law and that the punishment inflicted upon him was cruel and unusual so as to be prohibited by law in that the court sentenced him on his record as an administrator rather than on the offense charged in the information, the court disregarded medical testimony, and it treated him more harshly than other defendants.

In the proceedings at the arraignment, Mr. Cavanagh admitted that he had entered false information into expense accounts—"extra time on the road of expenses."

Careful study of defendant's brief and argument discloses no basis on which this court would have justification to provide the relief requested, that is, the modification of the sentence and causing him to be placed on parole; and we undertake no individual research in that area. Although this circumstance in itself would seem to call for an affirmance, we consider the merits of the arguments claiming error.

■ The authorities presented by defendant are general in the extreme and relate to no instance similar to the matter before us. The record discloses that contrary to defendant's contention, the trial court did give consideration to the medical report as to the effect of any incarceration upon his health. We note counsel's insistence that defendant was treated differently from other persons charged with the same offense. In the first place, the record does not bear this out. Even so, neither the Fourteenth Amendment of the United States Constitution nor Art. 1, § 2, Wyo.Const., requires exact equality. Only arbitrary and invidious discrimination are condemned, neither of which are present in this case.

■ We pass then to the claimed abuse of discretion in the sentencing but find nothing to substantiate this charge. To say that the imposition of a twenty-one to twenty-four month sentence for an offense which is punishable by a maximum of ten years is cruel and unusual punishment is so presumptuous as to challenge credibility. Section 33(c), W.R.Cr.P., provides that the probation service shall make a presentence investigation and report to the court before the imposition of sentence unless the court otherwise directs. According to the rule, this report shall contain any prior criminal record of a defendant and such information about his characteristics and the circumstances affecting his behavior as may be helpful in disposition of the cause. Here that report disclosed facts which we consider to have justified the withholding of parole. Moreover, a report from the State Examiner, containing allegations of offenses similar to that charged against defendant (information which should undoubtedly have been secured by the probation service and included in the report), indicated a course of defendant's conduct similar to that for which he was being sentenced. In the imposition of a criminal sentence, the judge in exercising his judicial discretion should give consideration to all circumstances— aggravating as well as mitigating. We find no abuse of discretion in this instance.

The judgment and sentence are affirmed.

Affirmed.

---

1. Section 6–38, W.S.1957.