**James E. BUCK, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 5157.**

Supreme Court of Wyoming.

Dec. 11, 1979.

---

Richard H. Honaker, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, appeared on the brief and in oral argument on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division; Richard Scott Rideout, Asst. Atty. Gen., Cheyenne, appeared on the brief. Lawrence J. Wolfe, Legal Intern., appeared in oral argument on behalf of appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

This is an appeal from the order of the trial court revoking defendant-appellant's probation and imposing the previously suspended sentence of one to two years.[1] Appellant contends that the trial court abused its discretion by failing to consider alternative to revocation of probation and by not placing in the record the reasons for the decision to revoke the probation.

We affirm.

On October 10, 1978, appellant entered a plea of guilty to a charge of violating § 31–11–102, W.S.1977 (unauthorized use of automobile). He was sentenced to one to two years. Execution of the sentence was suspended and he was placed on probation for a period of two years. One of the conditions of probation was that appellant not violate any law, including "major traffic offenses and any misdemeanor." On April 6, 1979, appellant entered pleas of guilty in Municipal Court, City of Buffalo, to driving under the influence and careless driving. On April 24, 1979, and after a hearing, the probation was revoked and the original sentence was imposed.

The imposition of probation and, therefore, the revocation, lie in the sound discretion of the district court.

" * * * All that is essential is the court's conscientious judgment after hearing the facts that the violation has occurred. This should not be an arbitrary action and should include a consideration of both the reasons underlying the original imposition of conditions, the violation of these, and the reasons leading to such violation. * * * " State v. Reisch, Wyo., 491 P.2d 1254, 1255 (1971). See Sanchez v. State, Wyo., 592 P.2d 1130 (1979).

Obviously, the trial judge exercised his discretion at the time the sentence was imposed. He exercised it in favor of placing appellant on probation. The conditions of probation were made known to appellant. Appellant pleaded guilty to violation of those conditions. At the probation violation hearing, letters favorable to appellant were received in evidence, and the trial judge heard arguments from appellant's counsel urging continuation of probation. Obviously, he again exercised his discretion at this stage of the proceedings.

The only suggestion by appellant that the trial court abused its discretion is the reference to the court's statement:

[1] We note that probation can be imposed in two fashions in Wyoming: (1) suspending the imposition of sentence and placing on probation, in which event the sentence itself is imposed upon revocation at the revocation hearing; and (2) imposing sentence and suspending the execution thereof—as here, in which event the already imposed sentence becomes operative upon revocation. Section 7–13–301, W.S. 1977. It has been said that the first fashion leaves an uncertainty for the defendant, and often results in an ultimate sentence which punishes for the probation violation in addition to that for the crime.

" * * * Mr. Buck, *I have no alternative but to find that you have violated the terms of your probation.* Your probation will be revoked and you will be— the original sentence will be imposed and you are to serve from one to two years in the Wyoming State Penitentiary. * * " (Emphasis supplied.)

Appellant contends that the emphasized language in this statement reflects a refusal to consider alternatives. For the purpose of this case, it need only be noted: (1) that the trial court evidenced consideration of alternatives in accepting evidence and hearing arguments; and (2) that the statement "I have no alternative but to find that you have violated the terms of your probation" reflects a consideration of options and a decision that is forced therefrom *with reference to the violation.* And, after all, the violation was acknowledged by appellant in his guilty plea. The language is not "I have no alternative but to revoke your probation." There is no indication in the record that, once the violation was established, consideration was not given to the question of what was to be done with appellant as a result thereof.

The determination of the issue presented here by appellant on this obvious basis should not be interpreted to include a determination of another issue as to whether or not the trial judge must consider the question of further release on probation as opposed to incarceration after finding the conditions of probation to have been violated. We will leave the determination of that issue to the time when the case presented to us does not show on its face that the judge did consider such alternative.[2]

Since the trial judge did proceed here in a two-stage fashion, i. e., whether or not the conditions of probation were violated (the plea of guilty) and whether or not incarceration would result (receipt of the evidence and argument), the applicability of the rulings in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and of *Knobel v. State,* Wyo., 576 P.2d 941 (1978), and *Murphy v. State,* Wyo., 592 P.2d 1159 (1979), as argued by both parties, is not material.

Finally, there is no statutory, court rule, or judicial requirement for the trial judge to enter into the record the reasons for his determination to revoke the probation. Accordingly, error cannot be predicated thereon.

Affirmed.

---

2. In *Sanchez v. State,* Wyo., 592 P.2d 1130, 1137 (1979), we said that, at the time of original sentencing, " * * * a trial judge must give consideration to the application [for probation] and grant or deny the same in the exercise of a sound legal discretion. The refusal of the application must not be based upon mere whim or caprice nor upon any ground not sanctioned by the law. * * * "