**Timothy KENNEY, Appellant (Defendant),**

v.

**STATE of Wyoming, Appellee (Plaintiff).**

**No. 5205.**

Supreme Court of Wyoming.

Feb. 1, 1980.

Richard H. Honaker, State Public Defender, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, and E. Boyd Hollingsworth, Jr., Student Intern, Wyoming Defender Aid Program, signed the brief and Hollingsworth appeared in oral argument on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Crim. Div., and Marta Adams, Asst. Atty. Gen., signed the brief and Adams appeared in oral argument on behalf of appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROONEY, Justice.

Appellant-defendant contends that the trial court abused its discretion by failing to consider probation as an alternative in sentencing appellant. Since the record does not disclose such failure, we affirm.

Appellant entered a plea of guilty to a charge of grand larceny and to a charge of obtaining goods by false pretenses. A maximum sentence of ten years can be imposed upon conviction of each of these charges. Appellant was sentenced to incarceration for eighteen months to three years on the grand larceny charge and to incarceration for one to two years on the charge of obtaining goods by false pretenses, with the sentences to run concurrently.

The trial court has authority to grant probation except in crimes punishable by

death or life imprisonment, *Peterson v. State*, Wyo., 586 P.2d 144 (1978), and the discretion of whether or not to do so is in such court, *Cavanagh v. State*, Wyo., 505 P.2d 311 (1973).

Appellant points to our statement in *Sanchez v. State*, Wyo., 592 P.2d 1130, 1137 (1979) that, "[t]he only right which an applicant for probation possesses is that his petition should be considered by the court," and to our holding in *Jones v. State*, Wyo., 602 P.2d 378 (1979) that the court had properly considered probation as evidenced by its recorded statement that an uncured drinking problem could lead to further offenses if probation were granted. Appellant then states that, "[i]n both *Jones* and *Sanchez* the record of the sentencing hearing provided statements by the trial judge from which it could be determined whether or not probation had been considered." Appellant argues therefrom that the lack of a direct statement by the trial judge to reflect that he had considered probation for appellant indicates failure of such consideration and necessitates the setting aside of the appellant's sentence.

Although statements of the trial court relative to consideration of probation are indicative that such was done, they are not the only facts by which the fact of such consideration can be determined. In truth, other facts may be even more persuasive than a mere recitation that such consideration was given. The record in this case reflects a sincere and conscientious effort by the trial court to ascertain and consider the various factors which might effect the propriety of a sentence, including the grant of probation.

Prior to sentence, the trial court ordered and received a presentence report and a supplemental presentence report from the Wyoming Department of Probation and Parole. A "proposed probation plan" was included therein. At the time of sentence, the trial judge referred to the presentence reports and asked appellant and his attorney if they had an opportunity to review them. The judge then asked:

"Is there anything in the report that you want to call to the court's attention, you or your client, that you believe is not true or correct?"

After receiving a negative reply, the trial court received testimony from appellant, from his stepfather and from his fiancee. Appellant's attorney spoke in mitigation of sentence and requested probation. A written statement of appellant, in which he requested probation, was read to the court. In general, such testimony represented that appellant's crimes resulted from an alcohol problem, that he would undergo treatment to correct the problem, and that such would justify a probationary sentence.

There is nothing in the record to reflect an abuse of discretion by the trial court. Generally, "* * * discretionary rulings of a trial court should not be too narrowly limited and will be disturbed only where there is a clear abuse of discretion shown." *Deeter v. State*, Wyo., 500 P.2d 68, 71 (1972).

Modifying slightly that which we said in *Buck v. State*, Wyo., 603 P.2d 878, 880 (1979):

"Finally, there is no statutory, court rule, or judicial requirement for the trial judge to enter into the record the reasons for his determination to * * * [grant or deny] probation. Accordingly, error cannot be predicated thereon."

Not only has appellant failed to establish an abuse of discretion by the trial court in failing to consider probation as a sentence alternative, but the record in this case reflects a definite consideration of such.

Affirmed.