Bruce YOUNG, Appellant (Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

No. 84–165.

Supreme Court of Wyoming.

March 1, 1985.

Leonard D. Munker, Public Defender, and Martin J. McClain, Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Sr. Asst. Atty. Gen., and Roger C. Fransen, Asst. Atty. Gen., for appellee.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

ROONEY, Justice.

Appellant was tried by a jury and convicted of second degree sexual assault, § 6–4–303(a)(v) [§ 6–2–303(a)(v)], W.S. 1977[1], and of incest, § 6–5–102 [§ 6–4–402], W.S.1977[2], stemming from actions involving his seven-year-old adopted daughter. Appellant was sentenced to two to seven years in the Wyoming State Penitentiary on each offense, with the sentences to run concurrently. He appealed to this court; in an opinion published on April 2, 1984, we affirmed his conviction, but remanded for resentencing, inasmuch as the maximum penalty provided by § 6–5–102, incest, is five years and a two-to-seven-year sentence is therefore clearly improper.[3] The two-to-seven-year sentence for second degree sexual assault was within the statutory limit set by § 6–4–306(a)(ii), W.S.1977 [§ 6–2–306(a)(ii), W.S.1977], and it was a proper sentence.

On resentencing, the district court set aside, for purposes of sentencing, the conviction of incest, and sentenced appellant on the second degree sexual assault conviction to not less than two nor more than seven years, with credit for time previously served on that conviction.

The issue appellant raises on appeal is as follows:

"Whether a sentence imposed by a judge operating under grave misconceptions concerning the appropriate sentencing consideration must be reversed."

We affirm.

Appellant's main complaint seems to arise from his perception that the sentencing court "clearly did not consider the circumstances of the crime nor the Appellant's character." Appellant's brief refers to the reimposition of the original sentence as a "mechanical imposition of a sentence," and quotes the following statement of the judge, made at the pronouncement of the sentence:

"I don't think that the Court really should act as an agency, and I don't think the Court should in cases generally, act as an agency of government charged with the problem of following the fortunes of people who go through the Court and whose cares are disposed of, as we rather impersonally and maybe unkindly call it in this practice. I don't think the courts are well advised to enter

1. Section 6–4–303 provided in pertinent part:
   "(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituted sexual assault in the first degree:
   \* \* \* \* \* \*
   "(v) At the time of the commission of the act the victim is less than twelve (12) years of age and the actor is at least four (4) years older than the victim."

2. Section 6–5–102, provided:
   "If any stepfather shall have sexual intercourse with his stepdaughter, knowing her to be such, or if any stepmother and her stepson shall have sexual intercourse together, having knowledge of their relationship; or if any parent shall have sexual intercourse with his or her child, knowing him or her to be such; or if any brother and sister, being of the age of sixteen (16) years or upwards, shall have sexual intercourse together, having knowledge of their consanguinity, he or she shall be deemed guilty of incest, and shall be imprisoned in the penitentiary not more than five (5) years, or may be imprisoned in the county jail not more than twelve (12) months."
   Statutory references herein are to the sections as they existed at the time of the incidents. Corresponding present statutory references are in brackets.

3. *Young v. State,* Wyo., 678 P.2d 880 (1984).

into the business with which other departments of government have been primarily charged of following these matters and taking them subject to continuous adjustment at any time on any occasion. This, I realize, isn't any time or any occasion. This matter has been through the Supreme Court. The Supreme Court has, of course, determined that we erred in our procedure the first time, and so it is different in that respect; but in many respects, what the Supreme Court has done has simply, it seems to me, provided a sort of trigger for defense here to show the picture of your good conduct during the interim, and I really don't have any doubt that you have conducted yourself well in this interim. But I think for various reasons of policy and lack of real evidence that things are truly different, what the Court ought to do simply is impose the one legal sentence which it imposed in the same fashion as it did before, excepting only that, of course, it should give you credit for all of the time you spent in incarceration. I don't have any question about that at all. The Court will sentence accordingly."

█ While we agree with appellant's short summary of the law in this state concerning sentencing, i.e., that sentencing involves a consideration of both the circumstances surrounding a crime, as well as the background of the appellant, *Ventling v. State*, Wyo., 676 P.2d 573, 575 (1984), we believe, from a careful reading of the record, that the trial court gave due consideration to these two categories.

█ It must be remembered that the sentencing judge had listened to the trial and had listened to arguments by the prosecution and the defense at the first sentencing hearing. He was given a presentence report and a report by the Wyoming State Hospital. He also was presented with many letters from family, friends and acquaintances of appellant. These letters said things like, "My personal opinion of Bruce is one of high esteem and trust. I feel he is an honest and good man," to quote from one. On remand, at the second sentencing hearing, the judge listened to more arguments by the prosecution and the defense, to a statement by appellant himself, and was presented with even more letters, all similar in tone to the ones presented before.

After all that, the judge simply stated that, for "lack of real evidence that things are truly different," he was going to reimpose the one legal sentence that he had imposed before. Nothing had changed. There was evidence that the appellant had led an exemplary life between the times of the two sentences, but there was similar evidence presented at the original sentencing hearing. The fact that appellant stood convicted of second degree sexual assault and of incest had not changed.

The trial court properly gave appellant a full hearing, and took and considered evidence, and then imposed a sentence which is within the statutorily prescribed limits. We have repeatedly said that we are reluctant to review the length of a sentence imposed by the trial court if it is within the limits set by statute, and we will not disturb a sentence absent a clear abuse of discretion. *Ventling v. State*, supra, 676 P.2d at 574; *Wright v. State*, Wyo., 670 P.2d 1090, 1092 (1983); *Eaton v. State*, Wyo., 660 P.2d 803, 806 (1983); *Taylor v. State*, Wyo., 658 P.2d 1297, 1300 (1983); *Daniel v. State*, Wyo., 644 P.2d 172, 178 (1982); and *Jones v. State*, Wyo., 602 P.2d 378, 380 (1979).

Since we find no abuse of discretion, we affirm.