Grant Alan WRIGHT, Appellant
(Defendant),

v.

The STATE of Wyoming,
Appellee (Plaintiff).

Nos. 83–43, 83–217.

Supreme Court of Wyoming.

Oct. 9, 1985.

Bruce P. Badley and Fred R. Dollison,
Badley and Rasmussen, P.C., Sheridan, for
appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., John W. Renneisen, Senior Asst. Atty. Gen., Allen C. Johnson, Senior Asst. Atty. Gen., and Rowena L. Heckert, Asst. Atty. Gen., for appellee.

Leonard D. Munker, State Public Defender, and Martin J. McClain Asst. Public Defender, as amicus curiae.

Before THOMAS, C.J., and ROSE, ROONEY, BROWN and CARDINE, JJ.

THOMAS, Chief Justice.

The troublesome policy question presented in this case is whether this court will examine the denial of probation by a trial court in a criminal case, and if so, in what context will that review be accomplished. The issue of import then to the appellant/petitioner is whether his sentence of two to four years in the state penitentiary should be executed or should the execution of the sentence be suspended with the proviso that he be placed on probation. These issues arise by virtue of a petition for writ of certiorari and, in the alternative, for rehearing on the merits filed under a dual caption reflecting a new case on the petition for writ of certiorari and the old criminal case number on the petition for rehearing. The decision of the court on Wright's appeal is found in *Wright v. State*, Wyo., 670 P.2d 1090 (1983). A majority of this court has concluded that the petition for rehearing, although granted by order of this court entered on January 19, 1984, now should be denied under longstanding precedent in this jurisdiction. A different majority of this court, however, has concluded that the petition for writ of certiorari should be granted, although it was denied in the order entered January 19, 1984, and that in this instance the intervention of this court is necessary to prevent a failure of justice. The case will be remanded to the district court with instructions to suspend the execution of Grant Alan Wright's sentence to a term of two to four years in the state penitentiary and to place him on probation for four years, from the date of his original sentence.

In his brief which was submitted to this court upon the grant of his petition for rehearing, Grant Alan Wright articulated these issues:

"Issue I: There is no lawful provision, rule or procedure entitling the district court to supplement the record on appeal under the circumstances of this case

"Issue II: The record supplement submitted by the district court purportedly to explain the basis, reasons, factors and purpose for the sentence imposed on Grant Alan Wright discloses the district court committed reversible issue [sic] in sentencing Grant Alan Wright

"Issue III: The district court's denial of probation for Grant Alan Wright was a clear abuse of discretion requiring reversal

"Issue IV: The district court erred as a matter of law in sentencing Grant Alan Wright to the penitentiary without any basis, reasons, factors or purpose

The appellee states the issues to be resolved as follows:

"I. Was the petition for rehearing improvidently granted?

"II. Did the district court abuse its discretion in denying probation in this case?"

Grant Alan Wright was found guilty of delivery of a controlled substance, and he was sentenced to a term of two to four years in the state penitentiary. This court affirmed the judgment and sentence, holding that there was no abuse of discretion on the part of the district judge in denying probation to Grant Alan Wright. *Wright v. State*, supra. Wright then petitioned for a rehearing, or in the alternative for a writ of certiorari. In the order which denied the petition for writ of certiorari, denied a petition for writ of coram nobis, and granted the petition for rehearing, this court also directed the trial court to supplement the record by causing it to contain the basis, reasons, factors and purpose for the sentence imposed in this case. A Record Supplement then was filed by the district court, and in response thereto Wright asked this court to judicially notice ten

other criminal files in the district court. This court agreed to do that.

## PART I—DENIAL OF REHEARING

Three Justices of this court have concluded that even though argument has been held on the petition for rehearing it now should be denied. This court many times has articulated the proposition that it will not find error in a sentence by a trial court if that sentence is within the statutory limits authorized by the legislature, unless the record manifests a clear abuse of discretion. *Kallas v. State*, Wyo. 704 P.2d 693 (1985); *Munden v. State*, Wyo., 698 P.2d 621 (1985); *Young v. State*, Wyo., 695 P.2d 1055 (1985); *Jahnke v. State*, Wyo., 682 P.2d 991 (1984); *Ventling v. State*, Wyo., 676 P.2d 573 (1984); *Eaton v. State*, Wyo., 660 P.2d 803 (1983); *Taylor v. State*, Wyo., 658 P.2d 1297 (1983); *Wright v. State*, supra; *Daniel v. State*, Wyo., 644 P.2d 172 (1982); *Cyrus v. State*, Wyo., 639 P.2d 900 (1982); *Scheikofsky v. State*, Wyo., 636 P.2d 1107 (1981); *Jones v. State*, Wyo., 602 P.2d 378 (1979); *Hanson v. State*, Wyo., 590 P.2d 832 (1979); *Smith v. State*, Wyo., 564 P.2d 1194 (1977); *Daellenbach v. State*, Wyo., 562 P.2d 679 (1977); *Cavanagh v. State*, Wyo., 505 P.2d 311 (1973); *Bird v. State*, 36 Wyo. 532, 257 P. 2 (1927); *State v. Sorrentino*, 36 Wyo. 111, 253 P. 14 (1927).

 The court now defines an abuse of discretion as meaning an error of law committed by the court under the circumstances. *Wright v. State*, supra; *Ventling v. State*, supra; and *Martinez v. State*, Wyo., 611 P.2d 831 (1980). The same abuse of discretion standard also has been applied to the denial of probation. *Ventling v. State*, supra; *Wright v. State*, supra; *Eaton v. State*, supra; *Daniel v. State*, supra; *Kenney v. State*, Wyo., 605 P.2d 811 (1980); *Buck v. State*, Wyo., 603 P.2d 878 (1979); and *Jones v. State*, Wyo., 602 P.2d 378 (1979).

 A majority of this court can no more perceive an abuse of discretion in the denial of probation to Grant Alan Wright in this instance than it was able to identify in the cases heretofore decided by this court. Consequently, it is the conclusion of the court that the petition for rehearing must be denied.

## PART II—THE PETITION FOR WRIT OF CERTIORARI

 A different majority of this court from the majority agreeing to deny the petition for rehearing has concluded that despite the earlier order of the court denying the petition for writ of certiorari, the petition for writ of certiorari should be granted, and we should examine the denial of probation in the case of Grant Alan Wright on its merits. The court justifies this conclusion upon its recognition that the articulated standard of review for clear abuse of discretion historically has resulted in no review so long as the sentence imposed was within the statutory limits. The court previously never has found an abuse of discretion and the sentence has been upheld almost automatically. *Scheikovsky v. State*, supra, 636 P.2d at 1115 (Rose, J., concurring and dissenting); *Wright v. State*, supra, 670 P.2d at 1097 (Thomas, J., specially concurring). Considering specifically a claim of abuse of discretion with respect to denial of probation, the result uniformly has been the same so long as the record in the trial court disclosed that the sentencing judge had considered probation as an alternative disposition to a sentence of confinement in the state penitentiary. *Ventling v. State*, supra, 676 P.2d at 576; *Wright v. State*, supra, 670 P.2d at 1094–1095; *Eaton v. State*, supra; *Daniel v. State*, supra, 644 P.2d at 180; *Kenney v. State*, supra, 605 P.2d at 812; *Buck v. State*, supra, 603 P.2d at 879; *Jones v. State*, Wyo., 602 P.2d at 382. The denial of probation to Grant Alan Wright fits within these prior decisions.

In previous cases this court has extended relief by way of writ of certiorari where no adequate review by appeal or otherwise was available to the party seeking review. *State v. Heiner*, Wyo., 683 P.2d 629 (1984); *City of Laramie v. Mengel*, Wyo., 671 P.2d 340 (1983); *Call v. Town of Afton*, 73 Wyo.

271, 278 P.2d 270 (1954); *City of Sheridan v. Cadle,* 24 Wyo. 293, 157 P. 892 (1916). We have said that we will exercise our discretionary power to review actions of the district courts by way of writ of certiorari "in unusual circumstances and upon rare occasions" (*State v. Sodergren,* Wyo., 686 P.2d 521, 528 (1984)), "in exceptional circumstances" (*City of Laramie v. Mengel,* supra, 671 P.2d at 348 (Guthrie, J., specially concurring)), and "when necessary to prevent a failure of justice" (*City of Laramie v. Mengel,* supra, 671 P.2d at 344). It is the conclusion of a majority of the court that in this instance it is appropriate to grant the writ of certiorari because it is necessary to prevent a failure of justice.

■ We do not ignore a concern that this step will produce a flood of petitions for writ of certiorari for the purpose of seeking review of a denial of probation or review of a sentence. Substantially the same result would occur if we in fact did find an abuse of discretion in any appealed case. We then, however, would find ourselves writing a series of opinions, almost in a perfunctory manner, concluding that there was no abuse of discretion. With respect to petitions for writ of certiorari, we invoke our discretionary power, and while we may be dealing with exactly the same cases the probability would be that instead of perfunctory opinions we simply would be entering appropriate orders denying petitions for certiorari. It is to be remembered that the exercise of our discretion with respect to petitions for writs of certiorari is limited to rare and unusual cases. *State v. Sodergren,* supra.

The district judges in our jurisdiction have been working for some time on a plan which we believe will be salutary with respect to sentencing practices. Under the leadership of Judge Terrence L. O'Brien, Sixth Judicial District, the district judges have been developing a sentencing report form which will be subject to computer analysis, and will then permit sentencing judges to retrieve information with respect to sentences in comparable cases whenever they are confronted with the obligation to impose a sentence in a criminal case. It seems likely that once that system is in place there would be little basis to seek review of sentences which were imposed in the light of that information and in the light of the individual defendant and the crime with which he is charged. If the sentence that is imposed is markedly different from sentences in comparable cases the district judge undoubtedly will articulate in the record reasons for the imposition of the specific sentence or for denying probation. We anticipate that under such a sentencing program, for which we commend our district judges, a failure of justice is not very likely to occur.

### PART III—THE MERITS OF THIS CASE

As previously noted, a majority of this court is unable to discern an abuse of discretion in this instance, and it is for that reason that the petition for rehearing is denied. In the perception of a different majority of the court a failure of justice is substantially different from an abuse of discretion, and, as we find in this instance, may be present even though considering the case in isolation no abuse of discretion could be identified.

■ We have not been satisfied that the record in this case, including the Record Supplement, contains an articulable reason supporting the denial of probation and the execution of the sentence to imprisonment in the state penitentiary. Those things that are articulated in the record traditionally would favor the grant of probation. Grant Alan Wright is a first-time felony offender. He is twenty years old and is an honor student in a vocational program at the local community college. The presentence report from the Department of Probation and Parole recommended that he not be incarcerated. The trial judge recognized that the amount of marijuana was small, although he pointed out that under the statutory definition this is a serious crime. The district judge indicated that he was impressed with Wright's personal

background and encouraged because he was doing well in school. Even so the trial court denied probation after stating that "all factors in the case" and "all circumstances" had been considered in reaching its determination that Wright was not a fit subject for probation and should be incarcerated in the state penitentiary. The essence of the Record Supplement is that the court chose to deny probation to Wright in order to make an example out of him:

"In the court's consideration of probation, it was determined that incarceration was appropriate so as not to depreciate the seriousness of the offense and thereby foster disrespect for the law. In this case, the defendant was an intelligent individual to whom young people could and probably did look to for guidance and are apt to emulate. If he is not punished by confinement, then his peers may be convinced that such conduct on their part will be treated in a light-handed manner."

At this juncture we call attention to Appendix A to this opinion which is a summary of cases investigated at about the same time as Grant Alan Wright's case and discloses their comparable factors and dispositions. These are the cases of which we were asked to take judicial notice by Wright. Grant Alan Wright's case is the last one listed in Appendix A, and the only other defendant who was not given a suspended sentence and placed on probation was one who was convicted of aiding and abetting the delivery of and the delivery of marijuana consisting of one pound of marijuana and three grams of hashish. That individual also went to trial and was found guilty. He was sentenced to terms in the penitentiary to two to four years and three to five years to be served consecutively. He had some prior convictions and a long history of personal substance abuse.

In these ten other cases, nine were sentenced on pleas of guilty. Eight of those instances involved delivery of cocaine, and three of them involved multiple counts. Seven of these cases resulted in sentences of two to four years suspended with four years probation. Two of the cases resulted in sentences of three to five years which were suspended upon the imposition of five years' probation. Considering the nature of the charges, we can find nothing to distinguish Wright's instance from the nine cases in which sentences to the penitentiary were suspended and probation granted.

In its first opinion in this case the court recognized the four purposes for which sentences are imposed. *Wright v. State,* supra, 670 P.2d at 1093. As the presentence report indicates, neither rehabilitation nor punishment would be served by incarceration of Grant Alan Wright. Similarly it does not appear to be necessary to remove him from society for the safety of society. The only sentencing purpose left, upon which this sentence could be justified, would be "(3) example to others (general deterrence)." This is exactly what the trial judge said he did. In light of all the circumstances, however, the difficulty is that the purpose of general deterrence would have been equally served in every one of the nine cases in which probation was granted.

We conclude that the denial of probation to Grant Alan Wright was a departure from the trial judge's own practice which was not supported by any articulable valid reason in the record. Although a majority of the court concluded that the sentence analyzed in isolation does not demonstrate a clear abuse of discretion, a different majority is equally satisfied that the denial of probation to Grant Alan Wright in this instance manifests a substantial failure of justice, and it must be corrected.

The decision of this court is that this case is to be remanded to the district court with instruction that the judgment and sentence shall be adjusted to reflect that the execution of the sentence to a term of two to four years (which incidentally Wright has not attacked) be suspended, and he is to be placed on probation for four years, in accordance with the usual conditions of probation imposed in similar cases, with the term of probation to commence on January 21, 1983.

APPENDIX A

SUMMARY
COMPANION CASES

| Crime | Amount and Price | Plea Bargain | Sentence | Age | Educ. | Prior |
|---|---|---|---|---|---|---|
| Conspiracy to deliver & delivery | 1 gr $120 <br><br> ¼ oz $625 | max: 20 ea. state recommend sentence | 3–5 each concurrent suspended 5 yrs. | N/A | GED | N/A |
| delivery of cocaine | ½ gr | max: 20 bargain as above | 2–4, suspended 4 yrs. probation | 31 | 2 yrs. college | No |
| 3 counts delivery of cocaine | 1 gr $120 <br> 1 gr $120 <br> ¼ oz $625 | max: 20 ea. bargain as above | 2–4 each concurrent, suspended 4 yrs. probation | 32 | 2 yrs. Notre Dame 4 yrs. Marines | No |
| delivery of cocaine | 1 gr $120 | max: 20 same bargain | 2–4, suspended 4 yrs. probation | 27 | 12th grade | None of similar nature |
| 2 counts delivery of marijuana | 2 oz $100 <br> 1 lb. $575 <br> discharged after 1 yr. 10 mos. | max: 10 ea. same bargain | 2–4 ea., concurrent, suspended, 4 yrs. probation | 30 woman w/2 children | 8th grade | N/A |
| aiding and abetting delivery of cocaine | ¼ oz. $625 | max: 20 same bargain | 3–5, suspended 5 yrs. probation | 30 | 1½ yr. college | N/A |
| aiding and abetting of and delivery of marijuana | 1 lb. marij. <br><br> 3 gr. hashish | went to trial max: 10 ea. entrapment raised | 2–4 and 3–5 consecutive | 23 | 2 yrs. high school | yes plus long history substance abuse |
| delivery of cocaine | 1 gr $120 | max: 20 same bargain | 2–4, suspended 4 yrs. probation | 19 | 10th grade | |
| aiding and abetting delivery of cocaine | ¼ oz $650 | max: 20 same bargain | 2–4, suspended 4 yrs. probation | 22 | 6 mos. college | One |
| delivery of cocaine | ¼ oz $650 | max: 20 same bargain | 2–4, suspended 4 yrs. probation | 21 | GED | No |
| delivery of marijuana | "small amount" $20 | max: 20 went to trial entrapment raised | 2–4 | 20 | enrolled in college, honor student | No |

CARDINE, Justice, specially concurring, with whom ROSE, Justice, joins.

I concur in the opinion of the court which holds that upon review after granting certiorari there was a failure of justice and that appellant should be granted probation. Were the matter before us on appeal, I would also hold the sentence reviewable for an abuse of discretion and in this case, based upon the record and facts articulated by the court, find an abuse of discretion and grant probation to appellant.

ROONEY,* Justice, dissenting.

I agree with that portion of the dissent of Justice Brown which points out the inconsistency of finding no abuse of discretion on the part of the trial judge while at the same time finding a "failure of justice." I consider such to be sophistry and illusory reasoning.

I do not agree with the suggestion of Justice Brown that the writ of certiorari should not be available for our use. My concurring opinion in *State v. Heiner*, Wyo., 683 P.2d 629 (1984), reflects my position relative thereto. It need not be repeated here except to quote that pertinent to the disposition of Wright's petition for certiorari:

> "One of the primary conditions for issuance of a writ of certiorari is that it will not lie when another remedy is available. *State ex rel. Pearson v. Hansen,* supra [Wyo., 409 P.2d 769 (1966)]; *Call v. Town of Afton,* supra [73 Wyo. 271, 278 P.2d 270 (1954)]; *City of Sheridan v. Cadle,* 24 Wyo. 293, 157 P. 892 (1916). * * *" Id., at 642.

Wright had his appeal, *Wright v. State,* Wyo., 670 P.2d 1090 (1983). For that reason, the petition for certiorari should be denied.

The certiorari proceedings are not mysterious. They have been used for years. They are included in that set forth in the constitution as available to this court. They did not commence as "a twinkle in the eye of the author of a concurring opinion in *State v. Faltynowicz,* Wyo., 660 P.2d 368 (1983)" as recited in Justice Brown's opinion. Justice Raper's specially concurring opinion in *State v. Faltynowicz,* supra, analyzing the availability of review at the request of the state in criminal matters is quite lengthy and thorough—hardly a "twinkle in [his] eye." As said in *State v. Sodergren,* Wyo., 686 P.2d 521, 528 (1984), " * * * [w]e will exercise our discretion to grant certiorari only in unusual circumstances and upon rare occasions." However, it is a necessary and useful proceeding in such circumstances and occasions. This case concerns only usual circumstances and regular occasions. Even if its use in this case were not barred by the accepted procedural proposition that it have no function when an appeal is available, it does not meet the "unusual circumstances" and "rare occasions" test.

I would deny the petition for certiorari.

BROWN, Justice, dissenting.

"The wind bloweth where it listeth, and thou hearest the sound thereof, but canst not tell whence it cometh, and whither it goeth * * *." (John 3:8) So it is with the writ of certiorari and it is the "whither it goeth" that troubles me.

In the beginning certiorari was a twinkle in the eye of the author of a concurring opinion in *State v. Faltynowicz,* Wyo., 660 P.2d 368 (1983). Although the time of conception is uncertain, certiorari was born under suspicious circumstances in *City of Laramie v. Mengel,* Wyo., 671 P.2d 340 (1983). Its legitimacy is questioned by respectable authority.[1] In *City of Laramie v. Mengel,* the majority of the court on its own motion converted a petition to file a bill of exceptions into a petition for a writ of certiorari.

---

* This case was assigned to Chief Justice Thomas for opinion on June 25, 1984. His opinion was circulated August 16, 1985. Justice Brown's dissent was circulated August 29, 1985, and this dissent was circulated September 4, 1985.

1. 20 Land and Water Law Review, Supreme Court Jurisdiction and the Wyoming Constitution: Justice v. Judicial Restraint, p. 159 (1985). See also, case note, pp. 723–733.

I kept myself unspotted from the foibles of my brethren on the court until *State v. Heiner*, Wyo., 683 P.2d 629 (1984).[2] I then succumbed to the siren song of that temptress, expediency, and voted to grant a writ of certiorari. Having once fallen, it was easy to sin again. I voted to grant certiorari in *State v. Sodergren*, Wyo., 686 P.2d 521 (1984). "Commit a sin twice and it will not seem to thee a crime." (The Talmud)

This court has an addiction for the writ of certiorari and has granted it in situations undreamed of when the first writ issued. This writ is not unlike the "tarbaby" in Uncle Remus.[3] Once having gotten ahold of it, this court cannot let go. The court is so enamored by the writ that, in this case, it resurrected a petition for a writ after having killed it. This court's passion for the writ of certiorari will not be stilled. Under the authority of the certiorari cases coming out of this court since *City of Laramie v. Mengel*, a writ of certiorari could be used for any purpose a majority of this court can conceive. It is a utility writ or a writ for all seasons.

Members of this court have professed purity in philosophy with respect to the writ of certiorari; however, each member of this court has voted to grant the writ when it suits his purpose. Here, the majority has established a new scheme to review criminal sentences, and done this without legislation, court rules, guidelines or precedent. Under the authority of this case, a shifting majority could second-guess the trial court's sentence in a great variety of circumstances.[4] The granting or denying of the writ is now governed by the visceral feeling of a majority of the court. The only limitation on what can be done is the imagination of three members of the court.

The majority says, "We do not ignore a concern that this step will produce a flood of petitions for a writ of certiorari." In the same paragraph, the majority suggests that it is more efficient to enter "orders denying petitions for certiorari" than it is to write an opinion in an ordinary appeal concluding "there was no abuse of discretion." If a majority wants to give the short shrift to a defendant's petition for relief, a perfunctory denial of a writ of certiorari will certainly do that.

The majority opinion continues:

"A majority of this court can no more perceive an abuse of discretion in the denial of probation to Grant Alan Wright in this instance than it was able to identify in the cases heretofore decided by this court."

After making that observation, the majority then finds a "failure of justice" and orders that Wright be put on probation. A more nebulous and open-ended term than "failure of justice" cannot be imagined. "Failure of justice" is in the eye of the beholder. Without guidelines or explanation, the term is meaningless. The majority might just as well have said, "We are the Supreme Court and we will put Wright on probation because we want to."

The writ of certiorari may be a useful tool if cautiously used in unusual circumstances. However, this court has pounced upon the writ, taken the bit in its teeth and run in all directions with irresponsible and reckless abandon. This case demonstrates that the court cannot be trusted to properly handle the writ of certiorari.

Had I anticipated the quagmire a majority of this court would fall into by granting the writ of certiorari, I would have made a compromise the first time around and opted to reverse because of an abuse of discretion in sentencing. I would not have been happy with this, but in my opinion it would be far better than jumping into the un-

---

**2.** Perhaps it is better that one guilty defendant walk because of a trial judge's erroneous ruling than upset a hundred years of criminal jurisprudence.

**3.** Harris, Joel Chandler. *Uncle Remus, His Songs and His Sayings* (D. Appleton and Company, 1880).

**4.** "It must not be; no power in Venice can alter a decree established. 'Twill be recorded for a precedent, and many an error by the same example will rush into the State.'" Shakespeare, Merchant of Venice, Act 4, Scene 1.

known as the majority has done. The majority has radically changed the law on criminal appeals to accommodate one person, and the criminal jurisprudence of this state will be the worse for it.

I would deny the petition for certiorari.