Cromwell T. SMALL, Appellant (Defendant),

v.

The STATE of Wyoming, Appellee (Plaintiff).

No. 5373.

Supreme Court of Wyoming.

Feb. 19, 1981.

Richard H. Honaker, State Public Defender, signed the brief and appeared in oral argument on behalf of appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, and Allen C. Johnson, Senior Asst. Atty. Gen., signed the brief and Mr. Johnson appeared in oral argument on behalf of appellee.

Before ROSE, C. J., and McCLINTOCK, RAPER, THOMAS and ROONEY, JJ.

RAPER, Justice.

Pursuant to a plea bargain arrangement[1], appellant pled guilty to the offense of possession and use of a firearm as one previously convicted of a crime of violence and not pardoned.[2] As a result, he received a sentence of one to three years in the Wyoming State Penitentiary. Appellant's only assignment of error challenges that sentence as unconstitutional under the Sixth Amendment to the United States Constitution[3] and § 10, Art. I of the Wyoming Constitution.[4] During the oral argument before this court, and before the district court as well, appellant indicated he specifically did not challenge the validity of his guilty plea and the resulting conviction but claims he should not receive a sentence of confinement.

We will affirm.

In 1955, appellant-Cromwell Small entered a plea of guilty in a North Carolina court to two charges of highway robbery with firearms. He had no counsel representing him during those proceedings and, according to his testimony at the time of sentencing in this case, he had not specifically waived his right to such assistance, nor was he asked if he desired an attorney. Following his uncounseled plea to the 1955 offense, Small was sentenced to consecutive terms of imprisonment of 20 to 30 years and 10 to 20 years. After serving just over seven years, appellant was placed on parole. He successfully completed a five-year term of parole. He was never formally pardoned.

---

1. Appellant, joined by his counsel, the State Public Defender, in writing waived preliminary hearing under a plea agreement with the State:

"The State of Wyoming has agreed to dismiss with prejudice the complaints charging me with involuntary manslaughter, with first degree sexual assault, and with possessing a firearm while committing a felony, and not to file any other complaint against me concerning any criminal act alleged to have been committed by me which is known to the State or agents of the State as of this date. In exchange for this consideration, I waive my preliminary hearings herein and agree to plead guilty to an Information in District Court charging possession of a weapon by a convicted felon, in violation of W.S. 6–11–115. I understand that the State of Wyoming will make no recommendation to the Court as to sentencing on that guilty plea, except to recommend that no maximum term of imprisonment will exceed three years."

2. Section 6–11–115, W.S.1977, 1980 Cum. Supp.:

"(a) Any person who has previously pleaded guilty or been convicted of murder, voluntary manslaughter, assault to commit murder, aggravated assault, robbery, burglary or sexual assault in the first or second degree, or mayhem, unless pardoned, and who uses or has in his possession any firearm is guilty of a felony.

"(b) Upon conviction, the offender shall be punished by imprisonment in the penitentiary for not more than five (5) years."

3. Sixth Amendment to the United States Constitution in applicable part:

"In all criminal prosecutions, the accused shall enjoy the right * * * to have the Assistance of Counsel for his defence."

4. Section 10, Art. I of the Wyoming Constitution in pertinent part:

"In all criminal prosecutions the accused shall have the right to defend in person and by counsel * * *."

During the early part of 1980, appellant came to Wyoming in order to work. On April 14, 1980, defendant was charged with the March 3, 1980, shooting death of Donald Sullivan. The circumstances of the shooting are not entirely clear. The record reflects that appellant's weapon caused the death and that the State is apparently content that the plea bargain arrangement is a satisfactory disposition of the case. Appellant entered his plea of guilty as agreed on May 20, 1980, of having in his possession on March 3, 1980, a firearm. After a full explanation of his rights, including those related to his plea bargain, he admitted that he had been previously convicted of a crime of violence and thus he was guilty of violating § 6–11–115, W.S.1977, 1980 Cum.Supp. Appellant raises no question of any defect in his arraignment.

▌ By his refusal to contest the validity of his conviction in the present case, appellant has waived any challenge to the district court's conclusion that appellant had violated the statute. A plea of guilty made during a lawfully conducted arraignment admits all of the essential elements of the crime charged and waives all non-jurisdictional defenses. *United States v. Donohoe*, 10th Cir. 1972, 458 F.2d 237, cert. denied 409 U.S. 865, 93 S.Ct. 157, 34 L.Ed.2d 113; Wright, Federal Practice and Procedure: Criminal § 175, p. 378. Therefore, we need not determine whether the use of the language "[a]ny person who has previously pleaded guilty or been convicted * * *" in § 6–11–115, W.S.1977, 1980 Cum.Supp., limits the scope of that statute to include only those persons with outstanding or valid convictions. The question raised for us is narrow: can appellant be imprisoned for violating the statute when the previous and underlying conviction was uncounseled.

Appellant cites several United States Supreme Court cases to support his challenge to his prison sentence. First, he notes *Argersinger v. Hamlin*, 1972, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. There the Court stated:

"We hold, therefore, that absent a knowing and intelligent waiver, no person may be imprisoned for any offense, whether classified as petty, misdemeanor, or felony, unless he was represented by counsel at his trial. [Footnote omitted.]

\* \* \* \* \* \*

"Under the rule we announce today, every judge will know when the trial of a misdemeanor starts that no imprisonment may be imposed, even though local law permits it, unless the accused is represented by counsel. He will have a measure of the seriousness and gravity of the offense and therefore know when to name a lawyer to represent the accused before the trial starts." 407 U.S. at 37, 40, 92 S.Ct. at 2012, 2014, 32 L.Ed.2d at 538, 540.

Then appellant argues the case of *Scott v. Illinois*, 1979, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383, where the Court held:

"Although the intentions of the *Argersinger* Court are not unmistakably clear from its opinion, we conclude today that *Argersinger* did indeed delimit the constitutional right to appointed counsel in state criminal proceedings. Even were the matter res nova, we believe that the central premise of *Argersinger*—that actual imprisonment is a penalty different in kind from fines or the mere threat of imprisonment—is eminently sound and warrants adoption of actual imprisonment as the line defining the constitutional right to appointment of counsel. *Argersinger* has proved reasonably workable, whereas any extension would create confusion and impose unpredictable, but necessarily substantial, costs on 50 quite diverse States. We therefore hold that the Sixth and Fourteen Amendments to the United States Constitution require only that no indigent criminal defendant be sentenced to a term of imprisonment unless the State has afforded him the right to assistance of appointed counsel in his defense. * * *" (Footnotes omitted.) 440 U.S. at 373–374, 99 S.Ct. at 1162, 59 L.Ed.2d at 389.

But, the main thrust of appellant's argument arises from *Baldasar v. Illinois*, 1980, 446 U.S. 222, 100 S.Ct. 1585, 64 L.Ed.2d 169. There, the facts were:

"Thomas Baldasar, the petitioner, was convicted of misdemeanor theft in Cook County Circuit Court in May 1975. The record of that proceeding indicates that he was not represented by a lawyer and did not formally waive any right to counsel. Baldasar was fined $159 and sentenced to one year of probation. In November 1975 the State charged him with stealing a shower head worth $29 from a department store. The case was tried to a jury in DuPage County Circuit Court in August 1976. The prosecution introduced evidence of the prior conviction and asked that Baldasar be punished as a felon under the Illinois enhancement statute. Defense counsel objected to the admission of the 1975 conviction. She argued unsuccessfully that because Baldasar had not been represented by a lawyer at the first proceeding, the conviction was too unreliable to support enhancement of the second misdemeanor. App. 7–9. The jury returned a guilty verdict on the felony charge, and Baldasar was sentenced to prison for one to three years." 446 U.S. at 223, 100 S.Ct. at 1586, 64 L.Ed.2d at 172.

The Supreme Court reversed in a per curiam opinion; however, its rationale for the decision was discussed in three different concurring opinions of which none were supported by a majority of the court. The consensus was nonetheless that Baldasar's sentence violated *Scott v. Illinois*, supra, because a previous uncounseled conviction was used to enhance the sentence.

The important but unanswered question in the case concerned the validity of the previous conviction. Was it valid, invalid, or invalid for certain purposes? Justice Blackmun, in an opinion without any concurrences, stated it was invalid. 446 U.S. at 229, 100 S.Ct. at 1589, 64 L.Ed.2d at 176.

Justice Marshall, joined by Justices Brennan and Stevens, implied that it was at least invalid for imposing a prison term either directly or collaterally. 446 U.S. at 224, 100 S.Ct. at 1587, 64 L.Ed.2d at 173. Justice Stewart, also joined by Justices Brennan and Stevens, sidestepped the issue entirely.[5] 446 U.S. at 224, 100 S.Ct. at 1586, 64 L.Ed.2d at 172. The dissent concluded that the previous conviction was valid under *Scott*, supra, because it did not entail imprisonment.

We would further point out that *Baldasar* involves an habitual criminal charge and sentence. This court has at length discussed the nature of such a proceeding pointing out that being an habitual criminal is not a crime but provides a basis for an enhanced penalty by reason of a status, as determined in a strictly controlled procedure. *Chavez v. State*, Wyo.1980, 604 P.2d 1341, 1351–1353, citing *Waxler v. State*, 1950, 67 Wyo. 396, 224 P.2d 514. The case before us involves a prosecution for the new crime of possession and use of a firearm by one having been previously convicted of particularly described felonies, and not yet pardoned. Thus, section 6–11–115, W.S. 1977, 1980 Cum.Supp., defined an entirely different crime for which punishment is inflicted independent of any previous criminal conduct.

In order to resolve what on first blush may appear to be a finely drawn distinction, it is best to examine *Lewis v. United States*, 1980, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198, a case on all fours with the one before us. It holds that an uncounseled felony conviction is not invalid for all purposes and particularly in the type of case we now have before the court:

"In 1961 petitioner George Calvin Lewis, Jr., upon his plea of guilty, was con-

5. However, he did have the following footnote:
   " * It is noteworthy that the brief filed by the State of Illinois in *Scott* expressly anticipated the result in this case:
   " 'When prosecuting an offense the prosecutor knows that by not requiring that counsel be appointed for defendant, *he will be precluded from enhancing subsequent offenses*. To the degree that the charging of

offenses involves a great deal of prosecutorial discretion and selection, the decision to pursue conviction with only limited use comes within proper scope of that discretion.'
"Brief for Respondent in *Scott v. Illinois*, OT 1977, No. 77–1177, p. 20 (emphasis added)." 446 U.S. at 224, 100 S.Ct. at 1587, 64 L.Ed.2d at 173.

victed in a Florida state court of a felony for breaking and entering with intent to commit a misdemeanor. See Fla.Stat. § 810.05 (1961). He served a term of imprisonment. That conviction has never been overturned, nor has petitioner ever received a qualifying pardon or permission from the Secretary of the Treasury to possess a firearm. See 18 U.S.C.App. § 1203(2) and 18 U.S.C. § 925(c).

"In January 1977, Lewis, on probable cause, was arrested in Virginia, and later was charged by indictment with having knowingly received and possessed at that time a specified firearm, in violation of 18 U.S.C.App. § 1202(a)(1) [under which another element of the offense is that accused have been previously convicted of a crime punishable by more than one year in prison]. He waived a jury and was given a bench trial. It was stipulated that the weapon in question had been shipped in interstate commerce. The Government introduced in evidence an exemplified copy of the judgment and sentence in the 1961 Florida felony proceeding. App. 10.

"Shortly before the trial, petitioner's counsel informed the court that he had been advised that Lewis was not represented by counsel in the 1961 Florida proceeding. He claimed that under *Gideon v. Wainwright* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799], supra, a violation of § 1202(a)(1) could not be predicated on a prior conviction obtained in violation of petitioner's Sixth and Fourteenth Amendment rights. The court rejected that claim, ruling that the constitutionality of the outstanding Florida conviction was immaterial with respect to petitioner's status under § 1202(a)(1) as a previously convicted felon at the time of his arrest. Petitioner, accordingly, offered no evidence as to whether in fact he had been convicted in 1961 without the aid of counsel. We therefore assume, for present purposes, that he was without counsel at that time." (Footnotes omitted.) 445 U.S. at 56–58, 100 S.Ct. 916–917, 63 L.Ed.2d 204.

The Court, in upholding the conviction, stated:

"We recognize, of course, that under the Sixth Amendment an uncounseled felony conviction cannot be used for certain purposes. * * * The Court, however, has never suggested that an uncounseled conviction is invalid for all purposes. See *Scott v. Illinois*, 440 U.S. 367, 99 S.Ct. 1158, 59 L.Ed.2d 383 (1979); * * *

"Use of an uncounseled felony conviction as the basis for imposing a civil firearms disability, enforceable by a criminal sanction, is not inconsistent with *Burgett* [*v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319], [*State v.*] *Tucker* [404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592], and *Loper* [*v. Beto*, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374]. In each of those cases, this Court found that the subsequent conviction or sentence violated the Sixth Amendment because it depended upon the reliability of a past uncounseled conviction. The federal gun laws, however, focus not on reliability, but on the mere fact of conviction, or even indictment, in order to keep firearms away from potentially dangerous persons. Congress' judgment that a convicted felon, even one whose conviction was allegedly uncounseled, is among the class of persons who should be disabled from dealing in or possessing firearms because of potential dangerousness is rational. Enforcement of that essentially civil disability through a criminal sanction does not 'support guilt or enhance punishment,' see *Burgett*, 389 U.S., at 115, 88 S.Ct., at 262, on the basis of a conviction that is unreliable when one considers Congress' broad purpose. Moreover, unlike the situation in *Burgett*, the sanction imposed by § 1202(a)(1) attaches immediately upon the defendant's first conviction." (Footnotes omitted.) 445 U.S. at 66–67, 100 S.Ct. 921–922, 63 L.Ed.2d 210.

■ In a case identical to *Lewis*, and ours as well, the Tenth Circuit Court of Appeals had no problem in following the Supreme Court decision. *United States v. Wilder*,

10th Cir. 1980, 621 F.2d 1077. Neither do we. Whatever else may be said about the validity of a prior uncounseled felony conviction, constitutionally infirm, it is clear under *Lewis* that it is at least a valid conviction for purposes of a statute prohibiting the possession of firearms by a previously convicted and unpardoned felon. Section 6–11–115, supra (fn. 2), is practically identical to the federal statute with the same legislative intents described in *Lewis*.

■ Further, the Wyoming Constitution, § 10, Art. I, (fn. 4) does not dictate a different result. Appellant had adequate counsel at the time of his present conviction. His sentence was imposed for possessing a firearm when he had previously been convicted for a crime of violence. The sentence was not for being a highway robber in North Carolina 25 years ago, nor was his present sentence enhanced as a result of his past conviction; so, the sentence of confinement was proper.

Affirmed.