**Paul D. HOLMES, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 85-152.

Supreme Court of Wyoming.

March 5, 1986.

Rehearing Denied April 14, 1986.

Leonard D. Munker, State Public Defender, Martin J. McClain, Appellate Counsel, and Denise Nau, Asst. Appellate Counsel, Wyoming Public Defender Program, Cheyenne, for appellant.

* Retired November 30, 1985.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Div., John W. Renneisen, Sr. Asst. Atty. Gen., and Darold W. Killmer, Legal Intern, Cheyenne, for appellee.

Before THOMAS, C.J., and ROONEY,* BROWN, CARDINE and URBIGKIT, JJ.

THOMAS, Chief Justice.

In this case the appellant contends that the sentencing judge abused his discretion in imposing sentence, and that the failure to hold a coroner's inquest prevented the district court from acquiring jurisdiction in the criminal case. The contentions of the appellant are without merit, and the judgment of the district court is affirmed.

It is remarkable that the appellant perceives any abuse of discretion with respect to the sentence which was imposed. He originally was charged with murder in the first degree involving kidnapping and burglary as aggravating circumstances, a capital offense. The killing itself is best described as an execution. Pursuant to a plea bargain the appellant entered a plea of guilty to a charge of second degree murder in violation of § 6–2–104 W.S.1977. His plea of guilty was accepted, and he was "sentenced to a term of not less than twenty-eight (28) years nor more than life in the Wyoming State Penitentiary." The statute provides for a sentence of not less than twenty years or during life, and the sentence imposed was within the statutory limits.

The rule is clear in this jurisdiction that there is no error in the imposition of a sentence by a trial court so long as the sentence is within the statutory limit authorized by the legislature. *Wright v. State,* Wyo., 707 P.2d 153 (1985), and cases cited therein. While those cases recognize a possibility of finding a clear abuse of discretion, that phrase has been defined as an error of law under the circumstances. *Martinez v. State,* Wyo., 611 P.2d 831 (1980). There can be no error of law with respect to a sentence that falls within the

statutory limits. Furthermore, the record in this case reflects that the sentencing judge gave careful and substantial consideration to all relevant factors in determining an appropriate sentence to impose. There is no reviewable error in connection with the sentence.

Somewhat casually at oral argument, counsel for the appellant suggested that the court should consider the appeal as a petition for certiorari, apparently invoking the concepts articulated in Wright v. State, supra. That approach is so far short of demonstrating a rare and unusual case in accordance with Wright v. State, supra, that we must admonish the appellant and counsel that we will not even consider the invocation of the remedy of certiorari in such an informal context.

■ The second claim of error is diametrically opposed to existing authority in this state. In *Raigosa v. State*, Wyo., 562 P.2d 1009, 1015 (1977), this court held that "[t]here is no requirement that an inquest be held before prosecution for murder." The justification for that holding is the same now as it was then. The pertinent part of § 7–4–201, W.S.1977 (1984 Cum. Supp.) is identical to § 7–81, W.S.1957 (1975 Cum.Supp.) at issue in Raigosa. The appellant's effort to present an issue contrary to clear precedent in this case borders upon the presentation of a specious appeal. In Raigosa v. State, supra, we noted that the purpose of a coroner's inquest is to aid in the determination that a death was not unlawfully caused. In light of the record in this case which establishes five bullet wounds in the victim's body and Holmes' plea of guilty, the coroner's inquest would have been an exercise in futility. Holmes admitted by his plea all the essential elements of the offense including the fact that he had killed the victim unlawfully. *Tompkins v. State*, Wyo., 705 P.2d 836 (1985); *Kallas v. State*, Wyo., 704 P.2d 693 (1985); *Armijo v. State*, Wyo., 678 P.2d 864 (1984); *Small v. State*, Wyo., 623 P.2d 1200 (1981). Holmes' plea to the district court resolved any matters that could have been of concern to a coroner's jury. The inquest was

not necessary to serve the public interest and Holmes had no private interest to be served.

Affirmed.

CARDINE, Justice, specially concurring.

I concur in the result of this case. I continue to assert that sentences imposed are reviewable upon appeal for abuse of discretion.