**Robert Paul MARTIN, Jr.,
Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. 86–29.**

Supreme Court of Wyoming.

June 18, 1986.

Wyoming Public Defender Program, Leonard D. Munker, State Public Defender, Julie D. Naylor, Appellate Counsel, Cheyenne, and Leslie K. Delk, Public Defender, Laramie, for appellant.

A.G. McClintock, Atty. Gen., Gerald A. Stack, Deputy Attorney General, Criminal Division; John Renneisen, Sr. Asst. Atty. Gen.; Nancy S. Tabor, Legal Intern, Cheyenne, for appellee.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

Appellant Robert Paul Martin, Jr., was convicted in Park County of first degree sexual assault and sentenced to imprisonment for not less than eight years nor more than fifteen years. He urges a single issue on appeal:

> "Whether the district court committed reversible error and abused its discretion in sentencing Paul Robert Martin, Jr., to a term of eight to fifteen years in the Wyoming Penitentiary for a violation of § 6–2–302(a)(i), W.S.1977."

We will affirm.

In the early morning of May 2, 1985, appellant invited Rita Smith, the victim, to come out of Cassie's Supper Club in Cody, Wyoming, and look at his dog. After exhibiting the dog, appellant grabbed the victim, dragged her to the southeast corner of Cassie's and forcibly threw her to the ground. Appellant thereupon partially removed the victim's pants and rearranged her other garments whilst she struggled to get free and otherwise resisted. Appellant then and there perpetrated a sexual assault on the victim, which untoward behavior is proscribed by § 6–2–302(a)(i), W.S.1977 (June 1983 Replacement). The victim suffered injuries to her head, nose, eye and scratches on her back.

Appellant eventually entered a plea of nolo contendere. A presentence investigation was accomplished, together with a mental and physical examination. After these reports were reviewed and a hearing held, appellant was sentenced to not less than eight years nor more than fifteen years at the Wyoming Penitentiary.

The standards under which a sentence is examined on appeal may not be as clear as we had supposed. In *Wright v. State*, Wyo., 670 P.2d 1090, 1091–1092 (1983), we said:

"* * * We do not follow the commonlaw rule that a sentence is not subject to appellate review if it is within the limits set by the legislature.

"* * * * *

"As long ago as 1927, we indicated that we would modify a legal sentence if the trial court abused its discretion in imposing it. *State v. Sorrentino*, 36 Wyo. 111, 253 P. 14, 16 (1927). Since then, we have repeatedly set forth the fact that a sentence will be reviewed for abuse of discretion. *Cavanagh v. State*, Wyo., 505 P.2d 311 (1973); *Peterson v. State*, Wyo., 586 P.2d 144 (1978); *Sanchez v. State*, Wyo., 592 P.2d 1130 (1979); *Jones v. State*, Wyo., 602 F.2d 378 (1979); *Buck v. State*, Wyo., 603 P.2d 878 (1979); *Sorenson v. State*, Wyo., 604 P.2d 1031 (1979); *Kenney v. State*, Wyo., 605 P.2d 811 (1980); *Scheikofsky v. State*, Wyo., 636 P.2d 1107 (1981); *Daniel v. State*, Wyo., 644 P.2d 172 (1982); *Taylor v. State*, Wyo., 658 P.2d 1297 (1983); and *Eaton v. State*, Wyo., 660 P.2d 803 (1983)."

In *Scheikofsky v. State*, Wyo., 636 P.2d 1107, 1112–1113·(1981), we said:

"This court has stated its approach to sentence review many times. If a trial court's determination of the terms of imprisonment is within the statutory limits, it will not be disturbed absent a clear abuse of discretion. *Hanson v. State*, Wyo, 590 P.2d 832, 835 (1979); *Jones v. State*, Wyo., 602 P.2d 378, 380 (1979); *Smith v. State*, Wyo., 564 P.2d 1194, 1202 (1977); *Daellenbach v. State*, supra at 683 [Wyo., 562 P.2d 679 (1977) ]. A sentence will not be disturbed because of sentencing procedures unless the defendant can show an abuse of discretion, procedural conduct prejudicial to him, and circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play. *Hicklin v. State*, Wyo., 535 P.2d 743, 751, 79 A.L.R.3d 1050 (1975). That is a nebulous standard, but it is as precise as we care to make it. We have an abiding reluctance to review a trial judge's determination of sentence. The determination is a burdensome decision which no trial judge could lightly make and which we will not lightly overturn."

In defining an abuse of discretion, we have said that:

"A court does not abuse its discretion unless it acts in a manner which exceeds the bounds of reason under the circumstances. In determining whether there has been an abuse of discretion, the ultimate issue is whether or not the court could reasonably conclude as it did. An abuse of discretion has been said to mean an error of law committed by the court under the circumstances. * * * " *Martinez v. State*, Wyo., 611 P.2d 831, 838 (1980).

However, in a recent case involving standards under which a sentence is reviewed we employed language that could be construed to modify the standards set out in *Wright* and *Scheikofsky*, supra. In *Holmes v. State*, Wyo., 715 P.2d 196, 197 (1986), we said:

"The rule is clear in this jurisdiction that there is no error in the imposition of a sentence by a trial court so long as the sentence is within the statutory limit authorized by the legislature. * * * "

We will continue to follow the rule stated in *Wright*, *Scheikofsky* and cases cited therein, that sentences within the statutory limit authorized by the legislature are reviewable for an abuse of discretion. We wish to clarify, however, past statements we have made which might be construed to say that such sentences are not subject to review.

Ambiguity springs from the definition of abuse of discretion stated in *Martinez v. State*, *supra*, which indicates that an "error of law" is the equivalent of abuse of discretion. Equivocation again surfaced in *Holmes*, *supra*, when we said, "* * * [T]here is no error in the imposition of a

sentence by a trial court so long as the sentence is within the statutory limit authorized by the legislature. * * * " See, Comment, *Reforming Criminal Sentencing in Wyoming*, XX Land and Water L.Rev. p. 575 (1985).

■ Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously. *Byerly v. Madsen*, 41 Wash.App. 495, 704 P.2d 1236 (1985).

■ Where a trial court imposes a sentence in excess of the statutory limit it has not exercised its discretion since it has no authority to so act. In that circumstance there is an error of law and an illegal sentence, which would require this court to remand for resentencing, but abuse of discretion is not involved. Where a trial court imposes a sentence authorized by the legislature it has exercised its discretion. In that situation the sentence is subject to review for an abuse of the trial court's discretion.

We have usually alluded to abuse of discretion in general terms and have not made an exhaustive list of circumstances constituting abuse of discretion, nor do we care to. Each case must be determined on its peculiar facts. Other jurisdictions have described circumstances requiring remand for further sentencing procedures. See *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); *McGee v. United States*, 462 F.2d 243 (2d Cir.1972); *United States v. Malcolm*, 432 F.2d 809 (2d Cir.1970). In *United States v. Malcolm, supra*, the sentencing court failed to consider mitigating circumstances. In *United States v. Tucker, supra*, the record contained unconstitutional convictions. In *McGee v. United States, supra*, there was a simultaneous sentence and conviction upon a more serious count of the indictment, which was later invalidated. In *Townsend v. Burke*,

*supra*, a sentence was imposed based on misinformation of constitutional magnitude.

The United States Supreme Court has held that a sentence must be proportionate to the cause in order to be proper under the Eighth Amendment to the United States Constitution. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). See, *Oakley v. State*, Wyo., 715 P.2d 1374 (1986), in which we dealt with the defendant's claim that his sentence violated both the Eighth Amendment under the Supreme Court's proportionality analysis adopted in *Solem v. Helm, supra*, and Art. 1, § 15 of the Wyoming Constitution.

■ The sentence imposed by the court in this case was not disproportionate to the magnitude of the crime, nor did the court abuse its discretion in imposing a sentence of not less than eight years nor more than fifteen years. Section 6–2–306(a)(i), W.S. 1977 (June 1983 Replacement), specifies imprisonment of not less than five years nor more than fifty years for first degree sexual assault. The actual sentence imposed in this case by the trial court was in the nature of a minimum sentence.

According to the presentence investigation report appellant is no stranger to running afoul of the law. In the ten and one-half years before the present sexual assault appellant was convicted of sundry crimes ranging from speeding to sexual assault, statutory rape and robbery, together with a dozen other relatively minor crimes.

The district court had the benefit of a comprehensive presentence report, an evaluation from the state hospital and the testimony of three witnesses at the sentencing hearing. The record reflects that the negative aspects of appellant's background far outweighed the positive. In this case the district court had an abundance of information before him. It is clear that the court reviewed and considered all the evidence, including the presentence reports and oral testimony. He also stated his reasons for imposing the sentence.

In his brief on appeal appellant makes a perfunctory alternative request that we "grant a writ of certiorari and remand appellant's case for resentencing, to prevent a failure of justice." Appellant seeks to invoke the concepts of *Wright v. State*, Wyo., 707 P.2d 153 (1985). That approach falls far short of demonstrating a rare and unusual case in accordance with the *Wright* case. See also, *Holmes v. State*, *supra*.

Affirmed.

THOMAS, Chief Justice, specially concurring.

I concur in the disposition of this case in accordance with the opinion of the majority. As of this time, however, I have discovered no reason to recede from the comments set forth in my concurring opinion in the case of *Wright v. State*, Wyo., 670 P.2d 1090 (1983), reh'g denied, cert. granted, 707 P.2d 153 (1985). I still am persuaded that this is an instance in which what we do speaks more definitively than what we say, and we have not found an abuse of discretion yet.

It now appears that we have two tests to consider in connection with appeals addressed only to the sentence imposed. In addition to abuse of discretion we also have espoused the proportionality test which some believe was articulated in *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983). One should undertake impossible tasks very carefully. Viewed in this light the majority position in *Solem v. Helm*, *supra*, certainly would have been an intriguing addition to Cervantes novel, *Don Quixote*. I believe there is a good deal of soundness in the dissenting opinion in *Solem v. Helm*, *supra*, but perhaps the most significant language is found in footnote 16 of the majority opinion which reads:

"Contrary to the dissent's suggestions, *post*, [103 S.Ct.] at 3017, 3022, we do not adopt or imply approval of a general rule of appellate review on sentences. Absent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Solem v. Helm*, *supra*, at 3009–3010 n.16.

I do not perceive the majority opinion in this case as honoring that style of limitation. I fear that the majority has adopted the parroting of the proportionality test which appears in every brief in which the question of a proper sentence is raised by a convicted criminal. I return to my point that caution should be exercised. In *Solem v. Helm*, *supra*, at 3011, the majority said:

"In sum, a court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions."

An application of these factors depends upon the utilization of empirical data which is not, so far as I can tell, available in Wyoming. Furthermore, the task of making that data available in my judgment is insurmountable in view of the steadfast position of the Wyoming state legislature that computer technology should not be available to the judicial branch of government for managing information. Any attempt by this court to utilize the objective criteria in the second and third factors identified by the Supreme Court is doomed to be an exercise in futility and frustration, not only on the part of this court, but for the appellants.

I am satisfied that the development of the critical information is much more likely to occur in the context of a petition for a writ of certiorari as approved in *Wright v.*

*State*, Wyo., 707 P.2d 153 (1985). I still believe that wisdom on the part of this court would lie in insisting that such issues be presented in that way, rather than committing relatively scarce resources to a plethora of appellate review of sentences imposed by our trial judges even in those cases in which the defendant entered a plea of guilty. It does not seem to me to be appropriate to entertain appeals in every instance in which a dissatisfied convict chooses to appeal his sentence either for his own amusement, or perhaps with the relatively slim hope that, like Jerry Buckley Helm, he will manage "to be in the outhouse when the lightning strikes."