# IN THE SUPREME COURT, STATE OF WYOMING

## 2026 WY 19

OCTOBER TERM, A.D. 2025

February 11, 2026

THE STATE OF WYOMING,

Appellant
(Plaintiff),

v.

S-25-0080

DIXON DEAN COLE,

Appellee
(Defendant).

*Appeal from the District Court of Sweetwater County*
*The Honorable Richard L. Lavery, Judge*

*Representing Appellant:*
Daniel E. Erramouspe, Sweetwater County and Prosecuting Attorney; Micaela Lira, Sweetwater County Criminal Chief Deputy County and Prosecuting Attorney; and Alex Breckenridge, Deputy County and Prosecuting Attorney. Argument by Mr. Breckenridge.

*Representing Appellee:*
Joseph Hampton, Hampton & Newman, Rock Springs, Wyoming. Argument by Mr. Hampton.

*Before BOOMGAARDEN, C.J., and GRAY, FENN, and JAROSH, JJ., and COOLEY, D.J.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**COOLEY, District Judge.**

[¶1]    Following his 1997 convictions for sexual assault in the fourth degree, a misdemeanor, and immoral or indecent liberties with a minor, a felony, Dixon Dean Cole (Cole) petitioned the district court for expungement of his convictions and for relief from his duty to register as a sex offender. The district court granted the expungement petition relating to Cole's conviction for sexual assault in the fourth degree and terminated his duty to register for his immoral or indecent liberties conviction. The State appeals.

[¶2]    This opinion arises from the necessity of reconciling the interplay between numerous distinct statutory provisions, two repealed enactments whose terms remain relevant to the proper construction of current law, and two court orders that frame the issues before the Court. The complexity of this statutory framework requires careful analysis of the interplay between both superseded and existing legal authorities.

[¶3]    Although the district court expunged the misdemeanor conviction under the wrong statute, this Court finds no abuse of discretion when it is analyzed under the appropriate statute. Further, relating to Cole's expungement, this Court will not consider the issue of whether the district court abused its discretion in finding Cole was not "a substantial danger to himself, any identifiable victim or society" as the issue was not adequately raised below. Accordingly, the Court affirms the district court's Order of Expungement. The Court further finds no abuse of discretion in the district court's order relieving Cole of his duty to register as a sex offender for his felony conviction, and we also affirm the Order Terminating Petitioner's Duty to Register.

## ISSUES

[¶4]    The State of Wyoming raises three issues which we rephrase below:

> I.    Did the district court err when it expunged Cole's misdemeanor conviction under the statute governing felony expungements?

> II.    Did the district court abuse its discretion in granting Cole's misdemeanor expungement request if it is otherwise considered under the applicable statute?

1

III.    Did the district court abuse its discretion when it relieved Cole of his duty to register as a sex offender arising from his felony conviction?

## *FACTS*

[¶5]    In March of 1996, the State of Wyoming charged Dixon Dean Cole with two counts of sexual assault in the second degree and three counts of immoral or indecent acts with a minor for his sexual abuse of his stepdaughter and biological daughter, who were both under the age of ten at the time. Pursuant to a plea agreement, Cole pled guilty to one reduced count of sexual assault in the fourth degree, a misdemeanor, and one count of immoral or indecent acts with a minor, a felony.

[¶6]    The district court sentenced Cole to serve not less than two nor more than four years in prison for his felony conviction for immoral or indecent acts with a minor. For his misdemeanor conviction for sexual assault in the fourth degree, the court sentenced Cole to serve one year in the Sweetwater County Jail, concurrent with the sentence imposed on the felony count. Both periods of incarceration were suspended, and Cole was placed on probation for a period of three years. Two years into the court-ordered probationary period, at the request of the Department of Probation and Parole and with Cole's agreement, the district court extended Cole's probationary period for an additional fifteen months so that he could complete the court-ordered sex offender treatment. Upon completion of all ordered programs and treatment, on May 9, 2001, the court entered an order discharging Cole from probation. Cole was required to register as a sex offender for his misdemeanor conviction pursuant to Wyoming Statute § 7-19-302(j), and under Wyoming Statute § 7-19-302(g) for his felony conviction, as the victims were minors under the age of fourteen.[1]

[¶7]    In 2023, Cole was arrested for and charged with two separate instances of failing to register as a sex offender, only one of which was bound over to the district court when the County Attorney dismissed one count in circuit court. These charges stemmed from Cole's

---

[1] This Court earlier determined that a misdemeanor under Wyoming Statute § 6-2-305 (repealed 1997) is "virtually identical to the elements of Wyo. Stat. Ann. § 6-2-304(a)(iii) (sexual assault in the third degree)." *State, Off. Of Atty. Gen., Div. of Crim. Investigation v. Thomason*, 2008 WY 143, ¶ 9, 197 P.3d 144, 146-47 (Wyo. 2008). This equivalence in the earlier repealed statute subjected Cole to the registration requirements outlined in Wyoming Statute § 7-19-302(j), if the victim was under fourteen. Similarly, the district court determined that Cole's felony conviction for immoral or indecent acts with a minor under Wyoming Statute § 14-3-105 (repealed 1997), shares the same or similar elements as Wyoming Statute § 6-2-316(a)(iv). This equivalence subjected Cole to the registration requirements outlined in Wyoming Statute § 7-19-302(g). On appeal, the parties both agree, as does this Court, with this analysis.

failures to complete the registration requirements in Wyoming Statute § 7-19-302. While this charge was pending a change of plea and sentencing, Cole changed his mind about entering a plea, obtained private counsel, and sought expungement of the earlier convictions.

[¶8]   On January 9, 2024, Cole filed a Verified Petition for Expungement of Records Pursuant to Wyoming Statute § 7-13-1502, the statute governing the process and qualifications for expungement of felony convictions. In that petition, Cole sought expungement of both his felony conviction for immoral or indecent acts with a minor and his misdemeanor conviction for sexual assault in the fourth degree.

[¶9]   The Sweetwater County Attorney's Office filed an objection to Cole's Petition, asserting that Cole was ineligible for expungement based on a letter from the Wyoming Attorney General's Office, submitted on behalf of the Wyoming Division of Criminal Investigation. The letter asserted that Cole was not eligible for expungement under Wyoming Statute § 7-13-1502(a)(iv)(T), as the felony expungement statute prohibited expungement of offenses subject to registration under Wyoming Statute § 7-19-302(g) through (j). Because Cole's misdemeanor conviction required him to register as a sex offender pursuant to Wyoming Statute § 7-19-302(j), the Wyoming Attorney General's Office concluded that Cole was statutorily precluded from seeking an expungement. The County Attorney's objection did not otherwise outline additional concerns with Cole's petition.

[¶10]  Without a hearing, the district court entered an Order Denying Objection in Part, which responded to the County Attorney's objections. In its analysis, and contrary to the argument in the county attorney's objection, the district court highlighted that the language of the applicable statute did not simply preclude sexual offenses subject to certain registration requirements from expungement, but rather, "**[f]elonies** subject to expungement under this section [Wyoming Statute § 7-13-1502] shall not include…any offense subject to registration under W.S. 7-19-302(g) through (j)." (emphasis in original). As applied to Cole, the court explained that although he was subject to the registration requirements under Wyoming Statute § 7-19-302(j) for his sexual assault in the fourth degree conviction, the conviction, nevertheless, was a misdemeanor. By contrast, the court found that Cole's immoral or indecent liberties with a minor conviction was not currently eligible for expungement because it was both a felony and subject to the registration requirements of Wyoming Statute § 7-19-302(g). In sum, the court concluded expungement of the misdemeanor conviction was statutorily permissible, but due to the registration requirement, expungement of the felony was statutorily precluded. The district court additionally noted that if Cole was not required to register as a sex offender for the felony conviction, that conviction could also be considered for expungement. Based on this

analysis of the County Attorney's objections, the court ordered Cole to either request a hearing for the court to consider expungement of his misdemeanor conviction for sexual assault in the fourth degree, or alternatively, that he request a stay of the expungement proceedings to file a petition for relief from his duty to register for his felony conviction, which, if granted, would then render both convictions eligible for expungement.

[¶11] Cole filed a Request to Stay Proceedings Pending a Petition for Relief from the Duty to Register. Once the Stay was granted, he filed a Petition to Terminate Duty to Register for his felony conviction. The petition relied heavily on the court's earlier analysis, contending that Cole was statutorily eligible for relief from the registration requirements of Wyoming Statute § 7-19-302(g) for his felony conviction for immoral or indecent acts with a minor. Cole asserted that he had been registered for at least 10 years and had maintained a clean record as defined in Wyoming Statute § 7-19-304(d).

[¶12] The State's response asserted only that Cole was ineligible for termination of his duty to register because one of his two convictions fell within the statutory parameters of Wyoming Statute § 7-19-302(j), making him ineligible for relief from registration.[2] In reply, Cole asserted that were the district court to grant his request to expunge his misdemeanor conviction for sexual assault in the fourth degree—the conviction which subjected him to subsection (j) registration requirements—he would no longer have a qualifying conviction and those registration requirements would cease to exist. That course of action would leave only his felony conviction for immodest or indecent acts with a minor, which carried with it subsection (g) registration requirements from which an offender may statutorily petition a court to terminate, which is precisely what Cole asked the district court to do. Cole requested the court lift the stay of proceedings and set both the Petition for Expungement and the Petition to Terminate Duty to Register for a hearing.

[¶13] The court lifted the stay and held a hearing on both petitions. Cole presented evidence regarding his statutory eligibility for the requested relief. Addressing his recent legal troubles, his attorney also argued that the registration statute is "fraught with peril" in that it is difficult to follow to ensure compliance. The county attorney cross-examined Cole on the circumstances surrounding his pending failure to register charge and expressed concern that Cole sought expungement only after he was facing prosecution for that offense. The county attorney further stated that the victims' mother had objected to the expungement request, and that the victims themselves may have submitted an objection, but that it was likely submitted out of time. Concerning Cole's request for relief from his duty to register, the county attorney emphasized the statutory clean record requirement and

---

[2] Pursuant to Wyoming Statute § 7-19-304, only convictions that fall within Wyoming Statutes § 7-19-302(g) and (h), or an individual adjudicated as a delinquent for offenses under Wyoming Statute § 7-19-302(j), are eligible for termination of the registration requirement.

4

the incongruity of Cole's pending failure to register charge, maintaining that even if Cole satisfied the statutory requirements for relief, the court nevertheless retained discretion to deny the petition.

[¶14]   After taking the matter under advisement, on December 4, 2024, the district court ultimately granted Cole's Petition to Terminate Duty to Register as to his felony conviction, and his Petition for Expungement only as to his misdemeanor conviction. In its Order of Expungement, the court noted that ten years had passed since expiration of the terms of sentence and that Cole had completed all court-ordered programs and paid all fines and restitution. The Court further referred to the two charges of failure to register, noting one had been dismissed and further finding that a conviction of the remaining charge "would affect Petitioner's eligibility for relief." Still, the court found that the county attorney raised no objection to staying the underlying change of plea proceeding on the failure to register charge to allow Cole to seek expungement. The court further found that although there was some indication a victim may have contacted the office to object, the earlier filed Notice to the Court indicated there was no response from the victims regarding Cole's request. The county attorney offered no additional information concerning Cole at the hearing. Considering Cole's testimony regarding his consistent employment, operating his own business, and caring for his elderly parents, the Court then found that Cole was eligible for relief and that he did not present a substantial danger to himself, any identifiable victim or society. In his Order Terminating Petitioner's Duty to Register, the district court found Cole had been registered for at least ten years and had maintained a clean record as required by statute, and terminated his duty to register. The State appeals both the Order of Expungement and the Order Terminating Petitioner's Duty to Register.[3]

## DISCUSSION

### I.      *Although the district court erred in expunging Cole's misdemeanor conviction under the felony expungement statute, application of the analysis under the statute governing misdemeanors results in the same outcome.*

---

[3] During oral argument, this Court questioned whether the State had the right to appeal the order that relieved Cole from his sex offender registration requirement. The statute relating to expungements specifically provides as much at Wyoming Statute § 7-13-1501(h), but there is no similar provision in the sex offender registration statutes. The Court has previously allowed a similar appeal by the Division of Criminal Investigation (the state agency that maintains the sex offender registry) in *State, Off. of Atty. Gen., Div. of Crim. Investigation*, 2008 WY 143, ¶ 1, 197 P.3d at 144. Based on that earlier decision, the Court finds that the State has legal standing to appeal the order relieving Cole of his registration duty and therefore has jurisdiction to hear this appeal.

[¶15] The State first alleges that the district court erred in granting Cole's request to expunge his misdemeanor conviction under the wrong statute. This Court considers a district court's interpretation of a statute as a matter of law, applying the *de novo* standard of review. *Black Diamond Energy of Del., Inc. v. Wyo. Oil & Gas Conservation Comm'n*, 2020 WY 45, ¶ 10, 460 P.3d 740, 744 (Wyo. 2020) (citations omitted).

[¶16] Wyoming Statute § 7-13-1502(a) provides in relevant part that "[a] person convicted of a **felony or felonies** subject to expungement under this section…may petition the convicting court for an expungement…." (emphasis added). Conversely, Wyoming Statute § 7-13-1501(a) provides that "[a] person who has pled guilty or nolo contendere to or been convicted of a **misdemeanor** may petition the convicting court for an expungement…." (emphasis added). Cole incorrectly sought expungement of his misdemeanor conviction for sexual assault in the fourth degree under Wyoming Statute § 7-13-1502(a), the statute to expunge felonies. Cole agrees with the State that he "…should have petitioned for an expungement under [the misdemeanor expungement statute]…." With the parties in agreement and the statutes expressly outlining under which subsection misdemeanor convictions are considered for expungement as opposed to felony convictions, the Court also agrees that Cole erred when he petitioned the district court for an expungement of his misdemeanor conviction under the statute designed to address felony convictions, as did the district court when it granted the same.

[¶17] Review of the requirements in Wyo. Stat. Ann. § 7-13-1501(a), however, leads this Court to conclude that it may affirm the expungement on the record before it, without the necessity of returning the matter to the district court. That is, Wyo. Stat. Ann. § 7-13-1501(a) provides:

> (a) A person who has pled guilty or nolo contendere to or been convicted of a misdemeanor may petition the convicting court for an expungement of the records of conviction, subject to the following limitations:
>
> > (i) At least five (5) years have passed for nonstatus offenses and at least one (1) year has passed for status offenses as defined by W.S. 7-1-107(b)(iii) since the expiration of the terms of sentence imposed by the court, including any periods of probation or the completion of any program ordered by the court;
> >
> > (ii) Repealed by Laws 2015, ch. 164, § 2.

6

(iii) The misdemeanor or misdemeanors for which the person is seeking expungement shall not have involved the use or attempted use of a firearm;

(iv) A health care provider who has pled guilty or nolo contendere to or has been convicted of an offense punishable under W.S. 6-2-313 which was committed against a patient under the care of the health care provider shall not be eligible for an expungement of the records of conviction.

[¶18]   Additionally, Wyoming Statute § 7-13-1501(g) provides that "[i]f the court finds that the petitioner is eligible for relief under this section *and that the petitioner does not represent a substantial danger to himself, any identifiable victim or society,* it shall issue an order granting expungement of the applicable records." (emphasis added). Other than disagreement as to whether Cole represented "a substantial danger to himself, any identifiable victim or society," on appeal, the parties do not challenge that Cole was otherwise statutorily eligible for expungement if completed under the misdemeanor provisions of Wyoming Statute § 7-13-1501(a). (*Id.*)

[¶19]   The record before the Court reveals that more than five years have passed since Cole's misdemeanor conviction and the expiration of his probationary terms including completion of all programs ordered by the court, and that none of the remaining eligibility requirements are implicated. Cole satisfies § 1501(a)(i) because he completed probation in 2001, more than twenty years ago. Further, although the requisite analyses to be conducted in consideration of each type of petition differ slightly, the results of a court's order granting expungement are the same. *Compare* Wyo. Stat. Ann. § 7-13-1501(a) with Wyo. Stat. Ann. § 7-13-1502(a). When a petition is granted, both statutes result in expungement of the "records of conviction" which is statutorily defined to mean "any notation of the arrest, charge or disposition maintained in the state central repository at the division of criminal investigation, whether in paper or electronic format." Wyo. Stat. Ann. § 7-13-1401(j)(ii) (as expressly referenced by Wyo. Stat. Ann. §7-13-1501 (m)(iii) and Wyo. Stat. Ann. § 7-13-1502 (n)(ii)). The Court will affirm the district court's eligibility findings under Wyoming Statute § 7-13-1501(a) and will discuss the required additional finding under Wyoming Statute § 7-13-1501(g) that the petitioner does not represent a substantial danger to himself, any identifiable victim or society, below.

**II.     *The district court did not abuse its discretion in granting Cole's misdemeanor expungement request when considered under the applicable statute, as the county attorney did not present argument or evidence regarding whether Cole was a substantial danger to himself, or any identifiable victim or society.***

[¶20] Notwithstanding the parties' and this Court's agreement that the request for expungement of his misdemeanor conviction was made and granted under the incorrect subsection, the State urges this Court to consider whether the district court nevertheless abused its discretion in granting the misdemeanor expungement based on the information in the record. While this Court has not formally adopted a standard of review for consideration of expungement decisions, we agree with the parties that the decision of whether to grant an expungement is within the discretion of the district court. This standard reaches "the question of the reasonableness of the trial court's choice." *Brown v. State*, 2005 WY 37, ¶ 12, 109 P.3d 52, 56 (Wyo. 2005) (quoting *Wilks v. State*, 2002 WY 100, ¶ 19, 49 P.3d 975, 984 (Wyo. 2002))."Judicial discretion is a composite of many things, among which are conclusions drawn from objective criteria; it means a sound judgment exercised with regard to what is right under the circumstances and without doing so arbitrarily or capriciously." *Martin v. State*, 720 P.2d 894, 897 (Wyo. 1986). A court abuses its discretion if "it acts in a manner which exceeds the bounds of reason under the circumstances." *SP v. State*, 2025 WY 101, ¶ 36, 576 P.3d 603, 616 (Wyo. 2025) (quoting *Int. of JN*, 2024 WY 105, ¶ 24, 556 P.3d 748, 755 (Wyo. 2024)).

[¶21] Wyoming Statute § 7-13-1501, governing the expungement of misdemeanor convictions, requires the court to first determine the applicant's eligibility for relief under subsection (a)(i) through (iv), identified above, but it must then also determine whether the petitioner "represent[s] a substantial danger to himself, any identifiable victim or society." Wyo. Stat. Ann. § 7-13-1501(g). The State argues the district court abused its discretion in finding that Cole did not "represent a substantial danger to himself, any identifiable victim or society…." The State did not make this argument below and addresses it to this Court for the first time in this appeal.

[¶22] The argument the county attorney advanced below was statutory in nature—that Cole was precluded from expungement under the provisions of Wyoming Statute § 7-13-1502(a)(iv)((T)[4] by virtue of his lifetime registration requirement. Following the court's Order Denying State's Objection in Part, the county attorney did not pursue the issue further and at the hearing before the court, instead argued that while it had filed a notice with the court that the victims had not provided any response or objection to Cole's request for expungement, there was some question in their system of whether a victim had contacted them, noting additionally that the victims' mother had called their office to register her own objection to the request. Finally, the county attorney also expressed concern that Cole petitioned for expungement only after he was charged with and was ready to enter a plea to an additional felony charge of failure to register. Importantly, the

---

[4] Wyoming Statute §7-13-1502(iv)(T) provides that "[f]elonies subject to expungement under this section shall not include [a]ny offense subject to registration under W.S. 7-19-302(g) through (j)."

county attorney never argued that Cole's subsection (j) lifetime registration requirement mandated that the district court find he represented a "substantial danger to himself, any identifiable victim or society…",[5] nor did the State present evidence or testimony regarding Cole as a "substantial danger." In fact, the only reference to whether Cole was a danger came from Cole's own counsel in reviewing the statutory factors and arguing that Cole should be granted an expungement.

[¶23]   This Court "generally does not consider arguments raised for the first time on appeal unless they are jurisdictional or of such a fundamental nature as to require our consideration." *Stevens v. Governing Body of Town of Saratoga*, 2025 WY 35, ¶ 62, 566 P.3d 166, 180 (Wyo. 2025). We follow this rule because "it is unfair to reverse a ruling of a trial court for reasons that were not presented to it, whether it be legal theories or issues never formally raised in the pleadings nor argued to the trial court." *Id.* (quoting *Crofts v. State ex rel. Dept. of Game and Fish,* 2016 WY 4, ¶ 19, 367 P.3d 619, 624 (Wyo. 2016)). As the new arguments the State raises on appeal are neither jurisdictional nor of such a fundamental nature as to require our review, we decline to consider them for the first time on appeal. Upon affirming the district court's findings regarding Cole's eligibility for expungement above, the Court finds that because the issue of Cole being a "substantial danger" as a result of his lifetime registration requirement, or due to his pending criminal charge, or for any other reason, was not adequately presented to the district court below, the court did not abuse its discretion in granting Cole's misdemeanor expungement request.

### III.    The district court did not abuse its discretion when it relieved Cole of his duty to register as a sex offender arising from his felony conviction for immoral or indecent acts with a minor.

[¶24] In its final contention on appeal, the State asserts that despite Cole statutorily qualifying for relief from his duty to register as a sex offender arising from his felony conviction for immoral or indecent acts with a child, the district court abused its discretion when it granted Cole's petition while he was on bond for a felony charge of failing to register as a sex offender. The State does not challenge the district court's interpretation of the statute, but rather the district court's application of the statute, which the parties urge this Court to consider under the abuse of discretion standard of review.

---

[5] The same requirement is found in the misdemeanor expungement statute at Wyoming Statute § 7-13-1501(g), which, as discussed above, is the correct statute to apply in this case. The Court will continue to refer to section 1501(j), as that is the statute the State refers to in its trial court argument.

[¶25]   This Court has not formally adopted a standard of review governing a district court's grant or denial of relief from the duty to register as a sex offender when the issue does not concern the court's interpretation of the governing statute. Where, as here, the appeal challenges the district court's discretionary determination, we agree with the parties that the decision whether to relieve an offender of the duty to register rests within the district court's sound discretion. As noted above, this standard considers "the question of the reasonableness of the trial court's choice." *Brown*, 2005 WY 37, ¶ 12, 109 P.3d at 56 (quoting *Wilks*, 2002 WY 100, ¶ 19, 49 P.3d at 984).

[¶26]   As discussed above, Cole's felony conviction for immoral or indecent acts with a minor required him to register as a sex offender but from which he could petition the court for relief from registration. Wyo. Stat. Ann. §7-19-304a)(i) (allowing an offender specified in Wyoming Statute § 7-19-302(g) to request relief). Cole was eligible for the requested relief so long as he "has been registered for at least ten (10) years, exclusive of periods of confinement and periods in which the offender was not registered as required by law," and "has maintained a clean record as provided in subsection (d) of this section." *Id.* Subsection (d) defines a clean record as:

> (i)      Having no conviction of any offense for which imprisonment for more than one (1) year may be imposed;
>
> (ii)     Having no conviction of any sex offense;
>
> (iii) Successfully completing any periods of supervised release, probation and parole; and
>
> (iii)    Successfully completing any sex offender treatment previously ordered by the trial court or by his probation or parole agent.

Wyo. Stat. Ann. § 7-19-304(d).

[¶27]   The State does not dispute that Cole satisfied the statutory prerequisites to seek relief from his registration requirements, nor does it argue that he failed to maintain a clean record as defined by statute. Rather than challenge Cole's statutory eligibility, the State contends that the district court should nevertheless have denied the petition because it viewed the fact that Cole was on bond for a failure to register charge at the time he petitioned the court to be relieved of his duty to register as "problematic." The mere fact that the State would have weighed the circumstances differently and come to a different conclusion does not transform the court's exercise of its discretion into an abuse of it, particularly where the court was familiar with the nature of the pending charge as the judge assigned to the

underlying failure to register case. The Court also thoroughly questioned Cole at the hearing regarding the practical difficulties he experienced with the registration scheme. In fact, the district court noted in its analysis of these issues that the sex offender registration statutes are "fraught with areas," likely referring to Cole's counsel's argument that they are difficult to comply with, and offenders getting tripped up or confused without intending to do so can face a felony charge of failing to register.

[¶28]   We note as well that Wyoming Statute § 7-19-304(a)(i) expressly excludes from the ten-year registration requirement "periods of confinement and **periods in which the offender was not registered as required by law.**" (emphasis added). By directing courts to omit those periods from the eligibility calculation rather than treating them as a categorical bar for relief, the Wyoming Legislature signaled that a lapse in registration, even one resulting in a failure to register charge, does not automatically disqualify an otherwise eligible petitioner. The district court found Cole had been registered for at least ten years and had maintained a clean record as required by statute and terminated Cole's duty to register. The district court's consideration of Cole's petition within the statutory framework was consistent with the structure the Legislature adopted, and we find no abuse of discretion. We affirm the district court's decision to relieve Cole of his duty to register.

## CONCLUSION

[¶29]   The district court erred by applying Wyoming Statute § 7-13-1502—which governs felony expungements—to expunge Cole's misdemeanor conviction. However, this error requires no corrective action from this Court because the underlying considerations for doing so and the intended result would have been the same under the proper statute, Wyoming Statute § 7-13-1501. Further, because the State's argument regarding whether Cole posed a danger to himself, any identifiable victim, or society, was not adequately presented to the district court, we do not consider it for the first time on appeal. The Court will affirm the Order of Expungement expunging the misdemeanor conviction. Finally, we find no abuse of discretion in the district court's order relieving Cole of his duty to register as a sex offender based on his felony conviction for indecent liberties with a minor, and we affirm the court's Order Terminating Petitioner's Duty to Register.

11